1  LATHAM & WATKINS LLP
   Belinda S Lee (Bar No. 199635)
2     belinda.lee@lw.com
   Courtney E. Vaudreuil (Bar No. 223439)
3     courtney.vaudreuil@lw.com
   355 South Grand Avenue
4  Los Angeles, California 90071
   Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Defendant
   AUTOZONE, INC.

7



**FILED**

AUG 1 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         DEPUTY

8            UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW WATKINS, on behalf of himself
and all others similarly situated,

12            Plaintiff,

13  v.

14  AUTOZONE, INC., a Nevada corporation,
and DOES 1 through 50, inclusive

15            Defendants.

16

CASE NO.

**'08 CV 1509 H AJB**

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

[Diversity Jurisdiction, 28 U.S.C. 1332(d)(2),
1441, 1453, 1446]

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2  **HIS ATTORNEYS OF RECORD:**

3          **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendant

4  AutoZone, Inc. ("AutoZone") hereby removes this action from the Superior Court of the State of

5  California, in and for the County of San Diego, to the United States District Court for the

6  Southern District of California.

7          Defendants are entitled to such removal based upon the following:

8          1.      On July 15, 2008, Plaintiff Matthew Watkins, on behalf of himself and

9  others similarly situated, filed an action in the Superior Court of the State of California for the

10  County of San Diego entitled *Matthew Watkins  v. AutoZone, Inc., a Nevada corporation, and*

11  *Does 1-50,* Civil Case No. 37-2008-00087672-CU-BT-CTL.  A true and correct copy of all

12  process, pleadings, and orders filed and/or served in the state court proceeding to date are

13  attached hereto as Exhibit 1.

14          2.      On July 16, 2008, Defendant AutoZone, Inc. ("AutoZone"), the only

15  named and served defendant, was served with a copy of the Complaint and Summons.  A true

16  and correct copy of the Service of Process is attached hereto as Exhibit 2.

17  **REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

18          3.      The Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d)

19  vests the district courts with original jurisdiction over class actions in which (1) the amount in

20  controversy exceeds $5 million dollars, (2) any plaintiff class member is a citizen of a state

21  different from any defendant, (3) the primary defendants are not states, state officials, or other

22  government entities, and (4) there are at least 100 plaintiffs in the class.  28 U.S.C. §§

23  1332(d)(2), (d)(5).  CAFA removal is intended to "be read broadly with a strong preference that

24  interstate class actions should be heard in federal court if properly removed by any defendant."

25  S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41.  This matter meets all

26  four requirements.

27  **THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

28          4.      Plaintiff does not set forth a specific dollar amount requested for the civil

1  penalties, damages, punitive damages, and attorneys' fees that he seeks. "Where the complaint

2  does not specify the amount of damages sought, the removing defendant must prove by a

3  preponderance of the evidence that the amount in controversy requirement has been met."

4  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

5          5.      Plaintiff seeks to represent a class of consumers whose information was

6  purportedly collected in violation of California Civil Code section 1747.08. Complaint ¶¶ 31-34.

7  Plaintiff seeks "civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8  pursuant to California Civil Code section 1747.08(e)." Complaint ¶ 34. Plaintiff also seeks

9  general damages, special damages, punitive damages, injunctive relief, and attorneys' fees and

10  costs. Complaint at 12. These amounts will exceed the jurisdictional minimum under CAFA.

11          6.      AutoZone retail locations in California accept several credit cards,

12  including American Express. From July 1, 2007, to July 1, 2008, AutoZone retail locations in

13  California processed 352,396 approved American Express credit card purchases. See Jenkins

14  Decl., ¶¶ 3-4. Without even looking to other credit cards accepted by AutoZone, applying the

15  statutory maximum penalty of $1,000 to the American Express charges alone yields a total of

16  $ 352,396,000 - well above the jurisdictional minimum.

17          7.      This method of calculation is consistent with another matter recently

18  before this Court. In *Romeo v. Home Depot U.S.A., Inc. et al.*, Case No. 06 CV 1505IEG, filed

19  by the same Plaintiff's counsel on June 20, 2006 and involving the same statutory scheme, this

20  Court upheld removal under CAFA. See Order (1) Denying Plaintiffs' Motion to Remand [...],

21  Case No. 06 CV 1505IEG, Doc. No. 8, October 30, 2006. A true and correct copy of that Order

22  is attached hereto as Exhibit 3. This Court denied the plaintiff's request for remand, finding that

23  "[t]he amount of statutory damages in controversy is 'facially apparent' from the complaint:

24  plaintiffs seek the statutory maximum." *Id.* at 4:2-3. Plaintiff's complaint here uses language

25  identical to that used by the *Romeo* plaintiff, indicating that Plaintiff here is also seeking the

26  statutory maximum. See Complaint ¶ 34 (stating Plaintiff and class members "are entitled to

27  civil penalties in amounts of up to one thousand dollars ($1,000) per violation") and *Romeo*

28  Order, *supra*, at 4:4-5.

**REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY OF CITIZENSHIP**

8.    Under CAFA, the requirement of diversity of citizenship is met when at least one plaintiff is diverse from at least one defendant. "In other words, complete diversity is not required." *Lunther v. Countrywide Home Loans Servicing LP*, No. 08-55865, 2008 WL 2775483, at *2 (9th Cir. July 16, 2008).

9.    This action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action involving a defendant whose state of incorporation and principal place of business are located outside of California. Moreover, this Court has supplemental jurisdiction over any pendant state law claims under 28 U.S.C. § 1367 and such claims are removable pursuant to 28 U.S.C. § 1441(c).

10.    At all relevant times, AutoZone, Inc. was incorporated in the State of Nevada, as referenced in paragraph 5 of the Complaint. However, Plaintiff incorrectly asserts that AutoZone, Inc's principal place of business is California. AutoZone's principal place of business is 123 South Front Street, Memphis, Tennessee, 38103-3607.

11.    At the time of filing his Complaint, Plaintiff was a resident of California, Complaint ¶ 7, therefore the diversity requirement that at least one plaintiff is of a different state than the removing defendant is met, and diversity jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A).

12.    There are no states or government entities names in this action.

**NUMBER OF PROPOSED CLASS MEMBERS EXCEEDS MINIMUM**

13.    Plaintiff's Complaint meets the definition set forth in 28 U.S.C. § 1332(d)(1)(B) of "class action" as "any civil action filed under rule 23 of Federal Rules of Civil Procedure or similar State statute or rule of jurisdictional procedure authorizing an action to be brought by 1 or more representative persons as a class action." Plaintiff brings this action pursuant to California Code of Civil Procedure section 382, which allows for an action to be brought "when the parties are numerous, and it is impracticable to bring them all before the court . . . ."

14.     A putative class action under 28 U.S.C. §1332(d)(5) must exceed 100 persons.  Given the volume of credit card transactions processed in a single year, as described in paragraph 6 above, the putative class exceeds 100 persons.

**INTRADISTRICT ASSIGNMENT**

15.     Assignment of this action to the United States District Court Southern District of California is appropriate because this action is being removed from the San Diego County Superior Court.

**REMOVAL PROCEDURE**

16.     This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b), because it is within thirty days of service of the summons and complaint on AutoZone.

17.     AutoZone is concurrently serving written notice of the removal of this action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).  *See* Notice of Removal to the United States District Court, attached hereto as Exhibit 4.

**CONCLUSION**

For all the foregoing reasons, removal of this action to this Court is proper. AutoZone's removal does not waive any objections or defenses that AutoZone may assert as to the sufficiency of the Complaint, jurisdiction, venue, or as to any of the claims in the Complaint.

**WHEREFORE**, AutoZone removes the original action brought by Plaintiff now pending in the Superior Court for the County of San Diego to this Court.

Dated:  August 15, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Belinda S Lee
Courtney E. Vaudreuil

By  *Courtney E. Vaudreuil*
Courtney E. Vaudreuil
Attorneys for Defendant
AutoZone, Inc.

**EXHIBIT 1**

07/16/2008 10:18 FAX  8198850084          CAL_EXPRESS                    ☑002/019

**SUMMONS**                                                              **SUM-100**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**                     1/23
*(AVISO AL DEMANDADO):* 7·16·8

AUTOZONE, INC., a Nevada corporation; and DOES 1 through 50, inclusive

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2009 JUL 15 P 2: 54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MATTHEW WATKINS, on behalf of himself and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | CASE NUMBER:<br>*(Número del Caso)*<br>37-2008-00087672-CU-BT-CTL |

☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827.
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 9208\*-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-39 1
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 9212 -2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James R. Patterson / Cary A. Kinkead
HARRISON PATTERSON & O'CONNOR LLP                      Tel: 619-756-6990
402 West Broadway, Ste. 1905
San Diego, CA 92101

| | | | |
|---|---|---|---|
| DATE: JUL 15 2008<br>*(Fecha)* | CLERK OF THE SUPERIOR COURT<br>C. Beutler<br>Clerk, by _____ C. Beutler _____ , Deputy<br>*(Secretario)*                                          *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED: You are served**<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):* AutoZone INC<br><br>under ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)<br>     ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>     ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)<br>     ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>SDSC CIV-219(Rev. 1-04) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |

0 6

07/16/2008 10:18 FAX 6196850084          CAL_EXPRESS                    ☑003/019

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7070 | |

| PLAINTIFF(S) / PETITIONER(S):    Matthew Watkins |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Autozone Inc |

| WATKINS VS. AUTOZONE INC | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00087672-CU-BT-CTL |

Judge:  Jay M. Bloom                                   Department: C-70

**COMPLAINT/PETITION FILED:** 07/15/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                          Page: 1

**NOTICE OF CASE ASSIGNMENT**

0 7

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00087672-CU-BT-CTL        CASE TITLE: Watkins vs. Autozone Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing. If a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

1

0 8

07/16/2008 10:18 FAX  6198850084          CAL_EXPRESS                    ☒005/018

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

07/18/2008 10:18 FAX  6198850084          CAL_EXPRESS                    ☒006/019

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

**PLAINTIFF(S):** Matthew Watkins

**DEFENDANT(S):** Autozone Inc

**SHORT TITLE:** WATKINS VS. AUTOZONE INC

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00087672-CU-BT-CTL |
|---|---|

Judge: Jay M. Bloom                                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                        _____
Name of Plaintiff                                Name of Defendant

_____                        _____
Signature                                        Signature

_____                        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                        _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 07/15/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James R. Patterson (SBN: 211102) Cary A. Kinkead (SBN: 218545)<br>HARRISON PATTERSON & O'CONNOR LLP<br>402 West Broadway, Ste. 1905<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-756-6990     FAX NO.: 619-756-6991<br>ATTORNEY FOR (Name): Plaintiff MATTHEW WATKINS | FILED<br>CIVIL BUSINESS OFFICE S<br>CENTRAL DIVISION<br><br>2008 JUL 15 P 2:54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: MATTHEW WATKINS v. AUTOZONE, INC., et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited  ☐ Limited<br>Amount      (Amount)<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>37-2008-00087672-CU-BT-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | condemnation (14) | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☒ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 3
5. This case ☒ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 15, 2008

James R. Patterson
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2008]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

011

1  James M. Lindsay, State Bar No. 164758
   Gene J. Stonebarger, State Bar No. 209461
   Richard D. Lambert, State Bar No. 251148
2  LINDSAY & STONEBARGER
   A Professional Corporation
3  620 Coolidge Drive, Suite 225
   Folsom, CA 95630
4  Telephone: (916) 294-0002
   Facsimile: (916) 294-0012
5
6  James R. Patterson, State Bar No. 211102
   Cary A. Kinkead, State Bar No. 216545
7  HARRISON PATTERSON & O'CONNOR LLP
   402 West Broadway, 29th Floor
   San Diego, CA 92101
8  Telephone: (619) 756-6990
   Facsimile: (619) 756-6991
9

10  Attorneys for Plaintiff and the Class

11

12            SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

13

14  MATTHEW WATKINS, on behalf of           )   CASE NO. 37-2008-00087672-CU-BT-CTL
    himself and all others similarly situated,  )
15                                          )   CLASS ACTION
                                            )
16              Plaintiffs,                 )   COMPLAINT FOR CIVIL PENALTIES,
                                            )   DAMAGES, AND INJUNCTIVE RELIEF
17  vs.                                     )   [CIVIL CODE § 1747.08; BUSINESS AND
                                            )   PROFESSIONS CODE § 17200; AND
18  AUTOZONE, INC., a Nevada corporation;   )   INVASION OF PRIVACY]
    and DOES 1 through 50, inclusive,       )
19                                          )   DEMAND FOR JURY TRIAL
                Defendants.                 )
20                                          )
                                            )
21                                          )

22

23          Plaintiff Matthew Watkins, on behalf of himself and all others similarly situated,

24  complains and alleges upon information and belief based, among other things, upon the

25  investigation made by Plaintiff by and through his attorneys as follows:

26  ///

27  ///

28  ///

                                            1
                              CLASS ACTION COMPLAINT

                                                                    012

# I.

## INTRODUCTION

1.    California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

2.    Defendant operates retail stores throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3.    This action arises from Defendant's violations of California Civil Code section 1747.08, Business and Professions Code section 17200 and/or invasion of privacy, by and through Defendant's requesting and recording of Plaintiff's and the Class members' credit card numbers and telephone numbers during the point-of-sale process at Defendant's retail establishments. Upon receipt of this information, Defendant uses the telephone number obtained from the cardholder to acquire additional personal information belonging to Plaintiff and the Class members, including their physical residential addresses. Such conduct is performed

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

2

613

07/18/2008 10:20 FAX  6198850084          CAL_EXPRESS                          @010/019

1  intentionally without the consent of Plaintiff and the Class members.

2      4.      Plaintiff does not seek any relief greater than or different from the relief sought

3  for the Class of which Plaintiff is a member.  The action, if successful, will enforce an important

4  right affecting the public interest and would confer a significant benefit, whether pecuniary or

5  non-pecuniary, on a large class of persons.  Private enforcement is necessary and places a

6  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

7                                        II.

8                          **JURISDICTION AND VENUE**

9      5.      Plaintiff is informed and believes and based thereon alleges that Defendant is a

10  Nevada corporation with its principal place of business in California.  Defendant does business

11  in the State of California, and in the County of San Diego.  Defendant has accepted credit cards

12  for the transaction of business throughout California, including the County of San Diego, which

13  has caused both obligations and liability of Defendant to arise in the County of San Diego.

14      6.      The amount in controversy exceeds the jurisdictional minimum of this court.

15                                       III.

16                          **THE PARTIES**

17  A.     **Plaintiff**

18      7.      Plaintiff Matthew Watkins (herein referred to as "Plaintiff") is a resident of San

19  Diego, California.

20      8.      Plaintiff brings this class action against Defendant, pursuant to California Code of

21  Civil Procedure section 382, on behalf of himself and all persons in California from whom

22  Defendant requested and recorded personal identification information in conjunction with a

23  credit card transaction (herein referred to as the "Class").  Excluded from the Class are

24  Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

25  which Defendant has a controlling interest, and the legal representatives, successors or assigns of

26  any such excluded persons or entities.

27  ///

28  ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

---

3

**CLASS ACTION COMPLAINT**

014

**B.  Defendant**

9.  Plaintiff is informed and believes and based thereon alleges that Defendant AutoZone, Inc. (herein referred to as "Defendant"), is a Nevada corporation with its principal place of business in California.  Defendant operates retail stores throughout California, including stores in San Diego County.

**C.  Doe Defendants**

10.  Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.  Agency/Aiding And Abetting**

11.  At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

/ / /

/ / /

/ / /

/ / /

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

4

**CLASS ACTION COMPLAINT**

015

# IV.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

13.    Within the last 12 months, Plaintiff went to Defendant's retail store located in San Diego, California.

14.    Plaintiff entered Defendant's store and proceeded to select products from the store that Plaintiff intended to purchase.

15.    After selecting an item, Plaintiff proceeded to the cashiers' station of Defendant's store to pay for the items selected through the use of a credit card.

16.    Defendant's employee saw that Plaintiff had selected a product that Plaintiff wished to purchase from Defendant. Then, as part of Defendant's Information Capture Policy, Defendant's employee requested personal identification information from Plaintiff in the form of Plaintiff's telephone number, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's telephone number. Plaintiff, believing that he was required to provide his telephone number to complete the transaction, told Defendant's employee his telephone number.

17.    Defendant's employee then typed and recorded Plaintiff's telephone number into the same electronic cash register.

18.    After requesting and recording Plaintiff's telephone number, Defendant's employee informed Plaintiff of the amounts due to Defendant for said products. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

19.    At this point in the transaction, Defendant has Plaintiff's credit card number and telephone number recorded into the same database.

20.    Defendant's employee then printed out and handed Plaintiff a credit card transaction form to sign.

21.    Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with his purchased items.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

5

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

**V.**

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class"). Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

23.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

24.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of any difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

25.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

26.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a.    whether each Class member engaged in a credit card transaction with Defendant;

b.    whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card

6

**CLASS ACTION COMPLAINT**

1   transactions with Class members;

2          c.     whether Defendant's conduct of requesting the cardholder to provide personal

3   identification information during credit card transactions and recording the personal

4   identification information of the cardholder constitutes violations of California Civil Code

5   section 1747.08;

6          d.     whether Plaintiffs and the Class are entitled to injunctive relief; and

7          e.     whether Plaintiffs and the Class have sustained damages, and the proper measure

8   of damages.

9          27.    Plaintiff's claims are typical of those of the other Class members because

10  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

11  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

12  pursuant to California Civil Code section 1747.08(e).

13         28.    Plaintiff can fairly and adequately represent the interests of the Class, he has no

14  conflicts of interest with other Class members, and has retained counsel competent and

15  experienced in class action and civil litigation.

16         **FIRST CAUSE OF ACTION FOR VIOLATIONS OF**
          **CALIFORNIA CIVIL CODE § 1747.08**

17         **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

18         29.    Plaintiff refers to and incorporates by reference as though set forth fully herein

19  paragraphs 1 through 28 of this Complaint.

20         30.    California Civil Code section 1747.08 prohibits any corporation, which accepts

21  credit cards for the transaction of business, from requesting the cardholder to provide personal

22  identification information which the corporation then records in conjunction with a credit card

23  transaction.

24         31.    Defendant is a corporation that accepts credit cards for the transaction of business.

25         32.    During credit card transactions entered into at Defendant's stores on each and

26  every day during the one-year period preceding the filing of this class action complaint through

27  the present, Defendant utilized, and continues to utilize, an "Information Capture Policy"

28  whereby Defendant's cashiers both request and record telephone numbers and credit card

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

7
**CLASS ACTION COMPLAINT**

018

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1  numbers from customers using credit cards at the point-of-sale in Defendant's retail

2  establishments.

3      33.    It is and was Defendant's routine business practice to intentionally engage in the

4  conduct described in this cause of action with respect to every person who, while using a credit

5  card, purchases any product from any of Defendant's stores in the State of California.

6      34.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

7  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8  pursuant to California Civil Code section 1747.08(e).

9      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

10     ### SECOND CAUSE OF ACTION FOR VIOLATIONS OF

11     ### CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

12     35.    Plaintiff refers to and incorporates by reference as though set forth fully herein

13  paragraphs 1 through 34 of this Complaint.

14     36.    During credit card transactions entered into at Defendant's stores on each and

15  every day during the four-year period preceding the filing of this class action complaint through

16  the present, Defendant wrongfully requested and recorded telephone numbers from Plaintiff and

17  members of the Class, as set forth above, and then intentionally used that information without

18  consent to acquire additional personal information belonging to Plaintiff and the Class Members,

19  including their physical addresses.

20     37.    After acquiring telephone numbers from Plaintiff and members of the Class at the

21  point of sale, Defendant utilized customized computer software to perform reverse searches from

22  "data warehousing" or "data mining" databases. These databases contain millions of names,

23  telephone numbers, e-mail addresses and residential addresses, and are indexed in a manner that

24  resembles a reverse telephone book. Essentially, Defendant's software matched the respective

25  Class member's now-known name and telephone number with said Class member's previously

26  unknown address, thereby covertly giving Defendant access to the Class members' names and

27  addresses, among other personal identification information.

28  ///

1    38.    Defendant did not inform Class members (or any other customer) at the point of

2 sale that by providing the customer's telephone number, Defendant can then obtain the

3 consumer's home address and match the customer's name, address, and credit card number and

4 maintain the same in Defendant's database.

5    39.    As a result of Defendant's violation of California Civil Code section 1747.08, as

6 set forth above, and Defendant's violation of California Business and Professions Code section

7 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by,

8 among other things, having their personal information disseminated to others, and being exposed

9 to identity theft. Plaintiff and members of the Class have also lost money as a result of not

10 receiving compensation for their home address information, and not receiving a proportional

11 share of income derived by Defendant from having this information and using the information

12 for commercial gain. Finally, Plaintiff and members of the Class have lost property in that

13 Defendant improperly took Plaintiff's and Class members' home address information, which is

14 their property, without their express permission.

15    40.    Defendant's conduct in violating California Civil Code section 1747.08, as set

16 forth above, violates California Business and Professions Code section 17200 in the following

17 respects:

18    a.    Defendant's practice of wrongfully requesting and recording consumers'

19 telephone numbers constitutes an unlawful business practice because Defendant's conduct

20 violates California Civil Code section 1747.08;

21    b.    Defendant's practice of wrongfully requesting and recording consumers'

22 telephone numbers constitutes an unfair business practice because Defendant's practice is

23 unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff,

24 members of the Class, and to members of the general public, outweighs the utility, if any, of

25 Defendant's policy and practice; and

26    c.    Defendant's practice of wrongfully requesting and recording consumers'

27 telephone numbers constitutes a fraudulent business practice because Defendant's practice is

28 likely to mislead Plaintiff, members of the Class, and members of the general public, by

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

9

CLASS ACTION COMPLAINT

1 deceiving and leading consumers to believe, among other things, that consumers are obligated, in

2 some manner, to provide their telephone numbers to Defendant. Defendant's practice of

3 obtaining telephone numbers from consumers is also deceptive in that consumers are not

4 informed by Defendant that Defendant utilizes customized computer software to further obtain

5 the consumers' address information, among other personal information.

6      41.    Defendant's unlawful, unfair, and fraudulent business practices, as described

7 above, present a continuing threat to plaintiff, members of the class, and members of the public

8 in that Defendant continues to wrongfully request and record consumers' personal identification

9 information. In addition, Defendant has been unjustly enriched as a result of its conduct.

10 Plaintiff, other members of the general public, and members of the Class have no other adequate

11 remedy of law in that absent equitable relief from the Court, as Defendant is likely to continue to

12 injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a

13 multiplicity of judicial proceedings.

14      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

15                    **THIRD CAUSE OF ACTION**
16      **FOR INVASION OF THE CONSTITUTIONAL RIGHT TO PRIVACY**

17      42.    Plaintiff refers to and incorporates by reference as though set forth fully herein

18 paragraphs 1 through 41 of his Complaint.

19      43.    The right to privacy is protected by the California Constitution, Article I, Section

20 1.

21      44.    At all times herein mentioned and up to an including the present, Plaintiff has a

22 legally protected interest in his ability to control the dissemination of his personal and private

23 information, including the right to privacy in his home address.

24      45.    At all times herein mentioned and up to an including the present, Plaintiff had a

25 reasonable expectation of privacy in his personal and private information including, but not

26 limited to, his home address.

27      46.    During credit card transactions entered into at Defendant's stores on each and

28 every day during the two-year period preceding the filing of this class action complaint through

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

CLASS ACTION COMPLAINT

621

01/16/2008  10:21 FAX  8156650064    CAL_EXPRESS    ☒ 018/019

1   the present, Defendant invaded Plaintiff's and the Class members' constitutionally guaranteed

2   right to privacy by wrongfully requesting and recording their personal identification information,

3   and subsequently engaging in a "reverse search" to covertly determine Plaintiff's and Class

4   members' home addresses.

5       47.    The conduct of Defendant, in conducting these "reverse searches" to determine

6   Plaintiff's and the Class members' home addresses as described herein, constituted a serious

7   invasion of Plaintiff's right to privacy and an egregious breach of social norms.

8       48.    As a proximate result of Defendant's above acts, Plaintiff's and Class members'

9   addresses were viewed, printed, distributed, and used by Defendant for its own profit, in

10  violation of their constitutionally guaranteed right to privacy causing Plaintiff and the Class to be

11  generally damaged in an amount according to proof.

12      49.    The acts of Defendant, were willful, wanton, malicious and oppressive, and

13  justify an award of exemplary and punitive damages

14      50.    Unless and until enjoined, and restrained by order of this Court, Defendant's

15  wrongful conduct will continue to cause Plaintiff, members of the Class, and members of the

16  public great and irreparable injury in that the personal identification information maintained by

17  Defendant can be viewed, printed, distributed, and sold by Defendant. Plaintiff and members of

18  the Class have no adequate remedy at law for the injuries in that a judgment for the monetary

19  damages will not end the invasion of privacy for Plaintiff, the Class, and the public.

20      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

21                          **PRAYER FOR RELIEF**

22  PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

23  **As to the First Cause of Action**

24      1.    That the Court award to Plaintiff and to each member of the Class the civil

25  penalty to which he or she is entitled under California Civil Code section 1747.08(e);

26  **As to the Second Cause of Action**

27      2.    That the Court preliminarily and permanently enjoin Defendant from utilizing an

28  "Information Capture Policy" whereby Defendant's cashiers both request and record personal

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

11

CLASS ACTION COMPLAINT

1   identification information and credit card numbers from customers using credit cards at the

2   point-of-sale in Defendant's retail establishments;

3       **As to the Third Cause of Action**

4       3.      That the Court preliminarily and permanently enjoin Defendant from utilizing an

5   "Information Capture Policy" whereby Defendant's cashiers both request and record personal

6   identification information and credit card numbers from customers using credit cards at the

7   point-of-sale in Defendant's retail establishments;

8       4.      For general damages according to proof;

9       5.      For special damages according to proof;

10      6.      For exemplary or punitive damages;

11      **As to All Causes of Action**

12      7.      That the Court certifies this action as a class action;

13      8.      For distribution of any moneys recovered on behalf of the Class of similarly

14  situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

15  from retaining the benefits of its wrongful conduct;

16      9.      For an award of attorneys' fees as authorized by statute including, but not limited

17  to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under

18  the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

19      10.     For costs of the suit;

20      11.     For prejudgment interest at the legal rate;

21      12.     And for such other relief as the Court may deem proper.

22  Dated:  July 15, 2008

                            HARRISON PATTERSON & O'CONNOR LLP

23

24

                            By:

25                              James R. Patterson
                                Attorneys for Plaintiff and the Class

26

27

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

12

**CLASS ACTION COMPLAINT**

C23

**CT** CORPORATION
A Wolters Kluwer Company



**Service of Process Transmittal**
07/16/2008
CT Log Number 513643403



| | |
|---|---|
| **TO:** | HARRY L GOLDSMITH<br>AutoZone, Inc.<br>123 South Front St.<br>Memphis, TN 38103-3607 |
| **RE:** | **Process Served in California** |
| **FOR:** | AUTOZONE, INC. (Domestic State: NV) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Matthew Watkins, on behalf of himself and all others similarly situated, Pltfs. vs. Autozone, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form, Cover Sheet |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37200800087672CUBTCTL |
| **NATURE OF ACTION:** | Class Action - Unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby defendants cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point of sale in defendant's retail establishments - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2008 at 11:23 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James R. Patterson<br>Harrison Patterson & O'Connor LLP<br>402 West Broadway<br>Suite 1905<br>San Diego, CA 92101<br>619-756-6990 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791106132850<br>Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

624

**EXHIBIT 3**

1
2
3
4
5
6
7
8
9
10
11
12          **UNITED STATES DISTRICT COURT**
13          **SOUTHERN DISTRICT OF CALIFORNIA**
14
15  JOE ROMEO, individually, and CLIFFORD          CASE NO. 06CV1505  IEG  (BLM)
    KIDD, individually, on behalf of themselves
16  and all others similarly situated,                 **ORDER (1) DENYING**
                                                   **PLAINTIFFS' MOTION TO**
17                                    Plaintiffs,    **REMAND and (2) DENYING**
                                                   **PLAINTIFFS' MOTION FOR**
        vs.                                        **ATTORNEY'S FEES AND COSTS**
18
19  THE HOME DEPOT U.S.A., INC., et al.,           (Doc. No. 8.)
20                                    Defendants.
21
22          Presently before the Court is a motion to remand brought by Joe Romeo and Clifford Kidd

23  ("plaintiffs"). (Doc. No. 8.) For the following reasons, the Court denies plaintiffs' motion to remand

24  and denies plaintiffs' request for attorney's fees and costs.

25                              **BACKGROUND**

26  **A.     Factual History**

27          On or about January 9, 2006 plaintiff Kidd entered a Home Depot store within San Diego

28  County to return an item previously purchased with a credit card. (Compl. ¶ 19.) Plaintiff Kidd

                              - 1 -                                06cv1505

1   presented a Home Depot employee with a receipt of his previous purchase. (<u>Id.</u> ¶ 21.) A Home Depot

2   employee printed out a credit card transaction form, which contained a preprinted space to fill in the

3   cardholder's telephone number.  (<u>Id.</u> ¶ 22.)  "Believing that he was required to do so in order to

4   complete the transaction, [plaintiff] . . . then wrote his telephone number on the credit card transaction

5   form in the space provided . . . signed the form and then handed it back" to the employee. (<u>Id.</u> ¶ 23.)

6   The employee entered the information into the cash register and finished the transaction. (<u>Id.</u> ¶ 24.)

7        The exact same facts took place with respect to plaintiff Romeo at another Home Depot store

8   in San Diego County, on or about May 23, 2006. (<u>Id.</u> ¶¶ 13-18.)

9   **B.    Procedural History**

10        On June 20, 2006, plaintiffs filed their complaint in San Diego Superior Court alleging, on

11  behalf of themselves and others similarly situated in California, a violation of the Song-Beverly Credit

12  Card Act.  Cal. Civ. Code §§ 1747 <u>et seq.</u>[1]  Plaintiffs seek statutory penalties; preliminary and

13  permanent injunctions prohibiting defendants from using a credit card form with a preprinted space

14  for the cardholder's telephone number, and ordering defendants to change their credit card forms;

15  attorneys' fees; costs of suit; and prejudgment interest.  (Compl. at Prayer for Relief.)

16        On July 26, 2006, defendants removed the case to this Court. (Doc. No. 1.) On August 29,

17  2006, plaintiffs filed a motion to remand. (Doc. No. 8.) On September 11, 2006, defendants filed

18  their opposition. (Doc. No. 11.) On September 18, 2006 plaintiffs filed their reply. (Doc. No. 12.)

19  On September 21, 2006, this Court ordered defendants to submit supplemental briefing and evidence

20  on the issue of the amount in controversy in the litigation.  (Doc. No. 13.)  On September 28, 2006,

21  defendants filed their supplemental memorandum along with the declaration of Kim Sentovich. (Doc

22  Nos. 14-15.) The matter is now fully briefed, and the Court finds it appropriate for disposition without

23  oral argument pursuant to Civil Local Rule 7.1(d)(1).

24

25        [1] California Civil Code § 1747.08(a)(3) (Deering 2006) provides: "no . . . corporation that
    accepts credit cards for the transaction of business shall . . . :

26

    (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces
27  specifically designed for filling in any personal identification information of the cardholder."

28        The statutory definition of "personal identification information" includes the cardholder's
    telephone number. <u>Id.</u> § 1747.08(b).

026

**DISCUSSION**

**A.    Legal Standard**

An action is removable to federal court if it might have been brought there originally.  28 U.S.C. § 1441(a).  Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), district courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate and any one member of the plaintiff class is diverse from any defendant.  28 U.S.C. § 1332(d)(2).  "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  However, the CAFA removal provision "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41.  The district court should "interpret[] expansively" its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, "the court should err in favor of exercising jurisdiction over the case."  Id. at 42, as reprinted in 2005 U.S.C.C.A.N. at 40.

The district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met.  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  When the complaint is not clear, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Establishing the amount in controversy requires more than a "mere averment" that the requisite amount is at stake.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  Rather, defendants are expected to put forth "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Valdez v. Allstate Ins. Co., 373 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). The Court may consider the defendant's notice of removal and further pleadings to determine whether the defendant has properly substantiated the amount in controversy.  Cohn v. Petsmart Inc., 281 F.3d 837, 840 n.1. (9th Cir. 2002).

**B.    Analysis**

A violator of California Civil Code § 1747.08 "shall be subject to a civil penalty not to exceed

- 3 -

1   two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each

2   subsequent violation[.]" § 1747.08(e). The amount of statutory damages in controversy is "facially

3   apparent" from the complaint: plaintiffs seek the statutory maximum. (Compl. ¶¶ 30, 38 (plaintiffs

4   and class members "are entitled to civil penalties in amounts of up to one thousand dollars ($1,000)

5   per violation")).

6       What is not "facially apparent" from the complaint–and, therefore, what defendants must prove

7   by a preponderance of the evidence–is the number of alleged violations during the year prior to the

8   filing of the complaint.[2] To establish the number of alleged violations, defendants have included with

9   their supplemental brief the declaration of Kim Sentovich, a regional vice-president with Home Depot.

10  (See Sentovich Decla. in Opp. to Motion ¶ 1.) Ms. Sentovich supervises operations of one third of

11  California's Home Depot retail stores, and is familiar with the operations of other Home Depot stores

12  not directly under her supervision. (Id.) Under penalty of perjury, Ms. Sentovich declares, "Home

13  Depot's California stores processes [sic] an average of 60,000 credit card refund transactions per

14  year."[3] (Id. ¶ 3.) If plaintiffs receive the statutory maximum for all of these transactions, the amount

15  in statutory damages in controversy would equal nearly $60 million.[4] (Supp. Opp., at 2.) Even

16  without considering the plaintiffs' other forms of requested relief (e.g., injunction, attorneys' fees),

17  defendants have proven plaintiffs' complaint satisfies CAFA's $5 million aggregate amount in

18

19

20

21

---

22  [2] Plaintiffs define the class as all persons within the year prior to the filing of the complaint
    who entered into credit card refund transactions in which defendants used a form with a preprinted
23  space for the cardholder's telephone number. (Compl. ¶ 25.) Plaintiffs also define a "subclass" of all
    class members who actually provided their telephone number on the credit card refund form. (Id.)
24  However, based on the language of the statute, the subclass appears to be irrelevant because the
    statutory violation is the utilization of a form with a preprinted space for personal identification
25  information. See Cal. Civ. Code § 1747.08(a)(3) (omitting any requirement that the recipient of the
    form actually provide the personal identification information).

26  [3] Ms. Sentovich bases her testimony on the multiplication of the number of Home Depot stores
    in California (approximately two hundred) times the number of credit card refund transactions that
27  each store processes annually (at least three hundred).

28  [4] The total amount of statutory damages is slightly less than $60 million because plaintiffs
    would receive only $250 for the first violation.

- 4 -

1    controversy.[5]

2        Plaintiffs cannot avoid satisfaction of the amount in controversy by alleging it would be "far

3    from reasonable to infer that a court or jury" would award the statutory maximum. (Reply, at 2-3.)

4    Where plaintiffs pray for statutory penalties "up to" the statutory maximum of $1,000 per violation,

5    this Court would remand for lack of subject matter jurisdiction only if it "'appear[ed] to a legal

6    certainty that the claim is really for less than the jurisdictional amount.'" Crum v. Circus Circus

7    Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109

8    F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283,

9    289 (1938))). While plaintiffs may not eventually receive the statutory maximum for each violation,

10   plaintiffs have not established "to a legal certainty" that the aggregate amount in

11   controversy–including statutory damages, attorneys' fees, and value of the injunction–would fall

12   below $5 million.

13        2.    Attorney's Fees and Costs

14        Plaintiff requests attorney's fees and costs as provided for by law. See 28 U.S.C. § 1447 (c)

15   ("An order remanding the case may require payment of just costs and any actual expenses, including

16   attorney's fees, incurred as a result of the removal"). Having denied plaintiffs' motion to remand, the

17   Court obviously believes defendants had "an objectively reasonable basis" to remove this case. See

18   Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005); Patel v. Del Taco, Inc.,

19   446 F.3d 996, 999 (9th Cir. 2006) (denying attorney's fees when the removing party had an

20   "objectively reasonable basis").

**CONCLUSION**

21

22        For the foregoing reasons, the Court **DENIES** plaintiffs' motion to remand and **DENIES**

23   plaintiffs' request for attorney's fees.

24        **IT IS SO ORDERED.**

25

26   **DATED: October 30, 2006**

        _Irma E. Gonzalez_
     **IRMA E. GONZALEZ, Chief Judge**
     **United States District Court**

27

28      _____
        [5] Because the Court bases its denial of plaintiffs' motion to remand on the Sentovich
     declaration, the Court denies plaintiffs' request for "immediate discovery" on defendants'
     representations in their Notice of Removal.

                                        - 5 -                              06cv1505

                                                                          629

1  LATHAM & WATKINS LLP
       Belinda S Lee (Bar No. 199635)
2      Courtney E. Vaudreuil (Bar No. 223439)
   355 South Grand Avenue
3  Los Angeles, California 90071
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  Attorneys for Defendant
   AUTOZONE, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SAN DIEGO

10

11  MATTHEW WATKINS, on behalf of himself     CASE NO. 37-2008-00087672-CU-BT-CTL
    and all others similarly situated,

12                        Plaintiff,
    v.
13                                             NOTICE OF REMOVAL TO THE UNITED
                                               STATES DISTRICT COURT
14  AUTOZONE, INC.,

    Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEYS AT LAW                              NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

1 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2 | **HIS ATTORNEYS OF RECORD:**

3 |        **PLEASE TAKE NOTICE** that a Removal of the above-entitled action from the

4 | Superior Court of the State of California for the County of San Diego to the United States

5 | District Court for the Southern District of California was filed with the United States District

6 | Court for the Southern District Court of California on August 15, 2008.

7 |        A copy of said Notice of Removal of Action under 28 U.S.C. § 1332(d)(2), 1453,

8 | 1441, and 1446, together with all papers filed therewith, is attached hereto as Exhibit 1 and is

9 | incorporated fully herein by reference.

11 | Dated:  August 15, 2008                  Respectfully submitted,

13 |                            LATHAM & WATKINS LLP
Belinda S Lee
Courtney E. Vaudreuil

By _Courtney Vaudreuil_
Courtney E. Vaudreuil
Attorneys for Defendant
AutoZone, Inc.

**EXHIBIT 1**



1  LATHAM & WATKINS LLP
      Belinda S Lee (Bar No. 199635)
2     belinda.lee@lw.com
      Courtney E. Vaudreuil (Bar No. 223439)
3     courtney.vaudreuil@lw.com
   355 South Grand Avenue
4  Los Angeles, California 90071
   Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Defendant
   AUTOZONE, INC.

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 MATTHEW WATKINS, on behalf of himself    CASE NO.
   and all others similarly situated,

12                Plaintiff,

13 v.                                        NOTICE OF REMOVAL OF ACTION TO
                                             FEDERAL COURT
14 AUTOZONE, INC., a Nevada corporation,
   and DOES 1 through 50, inclusive          [Diversity Jurisdiction, 28 U.S.C.  1332(d)(2),
15                                           1441, 1453, 1446]
                  Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS    LA\1890630.1                           NOTICE OF REMOVAL
ATTORNEYS AT LAW

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2  **HIS ATTORNEYS OF RECORD:**

3        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendant

4  AutoZone, Inc. ("AutoZone") hereby removes this action from the Superior Court of the State of

5  California, in and for the County of San Diego, to the United States District Court for the

6  Southern District of California.

7        Defendants are entitled to such removal based upon the following:

8        1.    On July 15, 2008, Plaintiff Matthew Watkins, on behalf of himself and

9  others similarly situated, filed an action in the Superior Court of the State of California for the

10  County of San Diego entitled *Matthew Watkins v. AutoZone, Inc., a Nevada corporation, and*

11  *Does 1-50,* Civil Case No. 37-2008-00087672-CU-BT-CTL. A true and correct copy of all

12  process, pleadings, and orders filed and/or served in the state court proceeding to date are

13  attached hereto as Exhibit 1.

14        2.    On July 16, 2008, Defendant AutoZone, Inc. ("AutoZone"), the only

15  named and served defendant, was served with a copy of the Complaint and Summons. A true

16  and correct copy of the Service of Process is attached hereto as Exhibit 2.

17  **REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

18        3.    The Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d)

19  vests the district courts with original jurisdiction over class actions in which (1) the amount in

20  controversy exceeds $5 million dollars, (2) any plaintiff class member is a citizen of a state

21  different from any defendant, (3) the primary defendants are not states, state officials, or other

22  government entities, and (4) there are at least 100 plaintiffs in the class. 28 U.S.C. §§

23  1332(d)(2), (d)(5). CAFA removal is intended to "be read broadly with a strong preference that

24  interstate class actions should be heard in federal court if properly removed by any defendant."

25  S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41. This matter meets all

26  four requirements.

27        **THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

28        4.    Plaintiff does not set forth a specific dollar amount requested for the civil

1  penalties, damages, punitive damages, and attorneys' fees that he seeks.  "Where the complaint

2  does not specify the amount of damages sought, the removing defendant must prove by a

3  preponderance of the evidence that the amount in controversy requirement has been met."

4  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

5          5.      Plaintiff seeks to represent a class of consumers whose information was

6  purportedly collected in violation of California Civil Code section 1747.08.  Complaint ¶¶ 31-34.

7  Plaintiff seeks "civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8  pursuant to California Civil Code section 1747.08(e)."  Complaint ¶ 34.  Plaintiff also seeks

9  general damages, special damages, punitive damages, injunctive relief, and attorneys' fees and

10  costs.  Complaint at 12.  These amounts will exceed the jurisdictional minimum under CAFA.

11          6.      AutoZone retail locations in California accept several credit cards,

12  including American Express.  From July 1, 2007, to July 1, 2008, AutoZone retail locations in

13  California processed 352,396 approved American Express credit card purchases.  See Jenkins

14  Decl., ¶¶ 3-4.  Without even looking to other credit cards accepted by AutoZone, applying the

15  statutory maximum penalty of $1,000 to the American Express charges alone yields a total of

16  $ 352,396,000 - well above the jurisdictional minimum.

17          7.      This method of calculation is consistent with another matter recently

18  before this Court.  In *Romeo v. Home Depot U.S.A., Inc. et al.*, Case No. 06 CV 1505IEG, filed

19  by the same Plaintiff's counsel on June 20, 2006 and involving the same statutory scheme, this

20  Court upheld removal under CAFA.  See Order (1) Denying Plaintiffs' Motion to Remand [...],

21  Case No. 06 CV 1505IEG, Doc. No. 8, October 30, 2006.  A true and correct copy of that Order

22  is attached hereto as Exhibit 3.  This Court denied the plaintiff's request for remand, finding that

23  "[t]he amount of statutory damages in controversy is 'facially apparent' from the complaint:

24  plaintiffs seek the statutory maximum."  *Id.* at 4:2-3.  Plaintiff's complaint here uses language

25  identical to that used by the *Romeo* plaintiff, indicating that Plaintiff here is also seeking the

26  statutory maximum.  See Complaint ¶ 34 (stating Plaintiff and class members "are entitled to

27  civil penalties in amounts of up to one thousand dollars ($1,000) per violation") and *Romeo*

28  Order, *supra*, at 4:4-5.

## REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY OF CITIZENSHIP

8.      Under CAFA, the requirement of diversity of citizenship is met when at least one plaintiff is diverse from at least one defendant.  "In other words, complete diversity is not required."  *Lunther v. Countrywide Home Loans Servicing LP*, No. 08-55865, 2008 WL 2775483, at *2 (9th Cir. July 16, 2008).

9.      This action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action involving a defendant whose state of incorporation and principal place of business are located outside of California.  Moreover, this Court has supplemental jurisdiction over any pendant state law claims under 28 U.S.C. § 1367 and such claims are removable pursuant to 28 U.S.C. § 1441(c).

10.     At all relevant times, AutoZone, Inc. was incorporated in the State of Nevada, as referenced in paragraph 5 of the Complaint.  However, Plaintiff incorrectly asserts that AutoZone, Inc's principal place of business is California.  AutoZone's principal place of business is 123 South Front Street, Memphis, Tennessee, 38103-3607.

11.     At the time of filing his Complaint, Plaintiff was a resident of California, Complaint ¶ 7, therefore the diversity requirement that at least one plaintiff is of a different state than the removing defendant is met, and diversity jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A).

12.     There are no states or government entities names in this action.

## NUMBER OF PROPOSED CLASS MEMBERS EXCEEDS MINIMUM

13.     Plaintiff's Complaint meets the definition set forth in 28 U.S.C. § 1332(d)(1)(B) of "class action" as "any civil action filed under rule 23 of Federal Rules of Civil Procedure or similar State statute or rule of jurisdictional procedure authorizing an action to be brought by 1 or more representative persons as a class action."  Plaintiff brings this action pursuant to California Code of Civil Procedure section 382, which allows for an action to be brought "when the parties are numerous, and it is impracticable to bring them all before the court . . . ."

1    14.    A putative class action under 28 U.S.C. §1332(d)(5) must exceed 100

2  persons.  Given the volume of credit card transactions processed in a single year, as described in

3  paragraph 6 above, the putative class exceeds 100 persons.

4                        **INTRADISTRICT ASSIGNMENT**

5    15.    Assignment of this action to the United States District Court Southern

6  District of California is appropriate because this action is being removed from the San Diego

7  County Superior Court.

8                          **REMOVAL PROCEDURE**

9    16.    This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b),

10  because it is within thirty days of service of the summons and complaint on AutoZone.

11    17.    AutoZone is concurrently serving written notice of the removal of this

12  action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of

13  California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).  *See* Notice of Removal

14  to the United States District Court, attached hereto as Exhibit 4.

15                              **CONCLUSION**

16          For all the foregoing reasons, removal of this action to this Court is proper.

17  AutoZone's removal does not waive any objections or defenses that AutoZone may assert as to

18  the sufficiency of the Complaint, jurisdiction, venue, or as to any of the claims in the Complaint.

19          **WHEREFORE**, AutoZone removes the original action brought by Plaintiff now

20  pending in the Superior Court for the County of San Diego to this Court.

21

Dated:  August 15, 2008                    Respectfully submitted,

22

23                                          LATHAM & WATKINS LLP
                                           Belinda S Lee
24                                          Courtney E. Vaudreuil

25                                          By _Courtney E. Vaudreuil_
26                                          Courtney E. Vaudreuil
                                           Attorneys for Defendant
27                                          AutoZone, Inc.

28

**EXHIBIT 1**

07/18/2008 10:19 FAX 8198850084  CAL_EXPRESS  ☎ 002/019

1123

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** 716.8

AUTOZONE, INC., a Nevada corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MATTHEW WATKINS, on behalf of himself and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2009 JUL 15 P 2:54

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es:) | CASE NUMBER: (Número del Caso) |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | 37-2008-00087672-CU-BT-CTL |

☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827.
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH 1428 MONTECITO RD, RAMONA CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE, CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

James R. Patterson / Cary A. Kinkaid
HARRISON PATTERSON & O'CONNOR LLP  Tel: 619-756-6990
402 West Broadway, Ste. 1905
San Diego, CA 92101

DATE: JUL 15 2008  CLERK OF THE SUPERIOR COURT  C. Beuder
(Fecha)

Clerk, by _____ , Deputy
(Secretario)  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify): AutoZone INC

under ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
SDSC CIV-319(Rev. 1-04)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

37

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7070 | |

| PLAINTIFF(S) / PETITIONER(S):　Matthew Watkins | |
|---|---|
| DEFENDANT(S) / RESPONDENT(S):　Autozone Inc | |

WATKINS VS. AUTOZONE INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00087672-CU-BT-CTL |
|---|---|

Judge: Jay M. Bloom　　　　　　　　　　　　　Department: C-70

COMPLAINT/PETITION FILED: 07/15/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**CASE NUMBER: 37-2008-00087672-CU-BT-CTL        CASE TITLE: Watkins vs. Autozone Inc**

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing. If a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

07/18/2008 10:18 FAX 8198850094          CAL_EXPRESS                    ☎008/019

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS    330 West Broadway | |
| MAILING ADDRESS   330 West Broadway | |
| CITY, STATE, & ZIP CODE   San Diego, CA 92101-3827 | |
| BRANCH NAME    Central | |

| PLAINTIFF(S):  Matthew Watkins |
|---|
| DEFENDANT(S): Autozone Inc |
| SHORT TITLE:   WATKINS VS. AUTOZONE INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00087872-CU-BT-CTL |
|---|---|

Judge: Jay M. Bloom                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☑ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____              Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 07/18/2008                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)       STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION       Page: 1

3

07/18/2008 10:18 FAX 6196850064          CAL_EXPRESS                    ☒ 007/018

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James R. Patterson (SBN: 211102) Cary A. Kinkead (SBN: 218545)<br>HARRISON PATTERSON & O'CONNOR LLP<br>402 West Broadway, Ste. 1905<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-756-6990        FAX NO.: 619-756-6991<br>ATTORNEY FOR (Name): Plaintiff MATTHEW WATKINS | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2008 JUL 15 P 2: 54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:   330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:   Central Division

CASE NAME: MATTHEW WATKINS v. AUTOZONE, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | 37-2008-00087873-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 3
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 15, 2008

James R. Patterson
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8). Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2008]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

James R. Patterson, State Bar No. 211102
Cary A. Kinkead, State Bar No. 216545
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiff and the Class

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 JUL 15 P 2:54

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW WATKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTOZONE, INC., a Nevada corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2008-00087872-CU-BT-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND INJUNCTIVE RELIEF [CIVIL CODE § 1747.08; BUSINESS AND PROFESSIONS CODE § 17200; AND INVASION OF PRIVACY]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Watkins, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys as follows:

///
///
///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

43

**I.**

**INTRODUCTION**

1.      California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

2.      Defendant operates retail stores throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3.      This action arises from Defendant's violations of California Civil Code section 1747.08, Business and Professions Code section 17200 and/or invasion of privacy, by and through Defendant's requesting and recording of Plaintiff's and the Class members' credit card numbers and telephone numbers during the point-of-sale process at Defendant's retail establishments. Upon receipt of this information, Defendant uses the telephone number obtained from the cardholder to acquire additional personal information belonging to Plaintiff and the Class members, including their physical residential addresses. Such conduct is performed

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON PATTERSON & O'CONNOR LLP
4xx West Broadway
29th Floor
San Diego, CA 92101

1 | intentionally without the consent of Plaintiff and the Class members.

2 |     4.    Plaintiff does not seek any relief greater than or different from the relief sought

3 | for the Class of which Plaintiff is a member. The action, if successful, will enforce an important

4 | right affecting the public interest and would confer a significant benefit, whether pecuniary or

5 | non-pecuniary, on a large class of persons. Private enforcement is necessary and places a

6 | disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

7 | II.

8 | **JURISDICTION AND VENUE**

9 |     5.    Plaintiff is informed and believes and based thereon alleges that Defendant is a

10 | Nevada corporation with its principal place of business in California. Defendant does business

11 | in the State of California, and in the County of San Diego. Defendant has accepted credit cards

12 | for the transaction of business throughout California, including the County of San Diego, which

13 | has caused both obligations and liability of Defendant to arise in the County of San Diego.

14 |     6.    The amount in controversy exceeds the jurisdictional minimum of this court.

15 | III.

16 | **THE PARTIES**

17 | **A.**    **Plaintiff**

18 |     7.    Plaintiff Matthew Watkins (herein referred to as "Plaintiff") is a resident of San

19 | Diego, California.

20 |     8.    Plaintiff brings this class action against Defendant, pursuant to California Code of

21 | Civil Procedure section 382, on behalf of himself and all persons in California from whom

22 | Defendant requested and recorded personal identification information in conjunction with a

23 | credit card transaction (herein referred to as the "Class"). Excluded from the Class are

24 | Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

25 | which Defendant has a controlling interest, and the legal representatives, successors or assigns of

26 | any such excluded persons or entities.

27 | ///

28 | ///

*HARRISON PATTERSON & O'CONNOR LLP*
*402 West Broadway*
*29th Floor*
*San Diego, CA 92101*

2
**CLASS ACTION COMPLAINT**

**45**

**B.    Defendant**

9.    Plaintiff is informed and believes and based thereon alleges that Defendant AutoZone, Inc. (herein referred to as "Defendant"), is a Nevada corporation with its principal place of business in California. Defendant operates retail stores throughout California, including stores in San Diego County.

**C.    Doe Defendants**

10.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.    Agency/Aiding And Abetting**

11.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

///

///

///

///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

4

**CLASS ACTION COMPLAINT**

46

## IV.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

13.  Within the last 12 months, Plaintiff went to Defendant's retail store located in San Diego, California.

14.  Plaintiff entered Defendant's store and proceeded to select products from the store that Plaintiff intended to purchase.

15.  After selecting an item, Plaintiff proceeded to the cashiers' station of Defendant's store to pay for the items selected through the use of a credit card.

16.  Defendant's employee saw that Plaintiff had selected a product that Plaintiff wished to purchase from Defendant. Then, as part of Defendant's Information Capture Policy, Defendant's employee requested personal identification information from Plaintiff in the form of Plaintiff's telephone number, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's telephone number. Plaintiff, believing that he was required to provide his telephone number to complete the transaction, told Defendant's employee his telephone number.

17.  Defendant's employee then typed and recorded Plaintiff's telephone number into the same electronic cash register.

18.  After requesting and recording Plaintiff's telephone number, Defendant's employee informed Plaintiff of the amounts due to Defendant for said products. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

19.  At this point in the transaction, Defendant has Plaintiff's credit card number and telephone number recorded into the same database.

20.  Defendant's employee then printed out and handed Plaintiff a credit card transaction form to sign.

21.  Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with his purchased items.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

---

5

CLASS ACTION COMPLAINT

47

V.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class"). Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

23.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of any difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

25.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a.      whether each Class member engaged in a credit card transaction with Defendant;

    b.      whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card

6

**CLASS ACTION COMPLAINT**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

07/18/2008 10:20 FAX 6198850084          CAL_EXPRESS                    014/018

1   transactions with Class members;

2          c.      whether Defendant's conduct of requesting the cardholder to provide personal

3   identification information during credit card transactions and recording the personal

4   identification information of the cardholder constitutes violations of California Civil Code

5   section 1747.08;

6          d.      whether Plaintiffs and the Class are entitled to injunctive relief; and

7          e.      whether Plaintiffs and the Class have sustained damages, and the proper measure

8   of damages.

9          27.     Plaintiff's claims are typical of those of the other Class members because

10  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

11  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

12  pursuant to California Civil Code section 1747.08(e).

13         28.     Plaintiff can fairly and adequately represent the interests of the Class, he has no

14  conflicts of interest with other Class members, and has retained counsel competent and

15  experienced in class action and civil litigation.

16         **FIRST CAUSE OF ACTION FOR VIOLATIONS OF**

17         **CALIFORNIA CIVIL CODE § 1747.08**
           **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

18         29.     Plaintiff refers to and incorporates by reference as though set forth fully herein

19  paragraphs 1 through 28 of this Complaint.

20         30.     California Civil Code section 1747.08 prohibits any corporation, which accepts

21  credit cards for the transaction of business, from requesting the cardholder to provide personal

22  identification information which the corporation then records in conjunction with a credit card

23  transaction.

24         31.     Defendant is a corporation that accepts credit cards for the transaction of business.

25         32.     During credit card transactions entered into at Defendant's stores on each and

26  every day during the one-year period preceding the filing of this class action complaint through

27  the present, Defendant utilized, and continues to utilize, an "Information Capture Policy"

28  whereby Defendant's cashiers both request and record telephone numbers and credit card

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

7

**CLASS ACTION COMPLAINT**

1    numbers from customers using credit cards at the point-of-sale in Defendant's retail

2    establishments.

3          33.    It is and was Defendant's routine business practice to intentionally engage in the

4    conduct described in this cause of action with respect to every person who, while using a credit

5    card, purchases any product from any of Defendant's stores in the State of California.

6          34.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

7    entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8    pursuant to California Civil Code section 1747.08(e).

9          WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

10                    **SECOND CAUSE OF ACTION FOR VIOLATIONS OF**
11          **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**

12         35.    Plaintiff refers to and incorporates by reference as though set forth fully herein

13    paragraphs 1 through 34 of this Complaint.

14         36.    During credit card transactions entered into at Defendant's stores on each and

15    every day during the four-year period preceding the filing of this class action complaint through

16    the present, Defendant wrongfully requested and recorded telephone numbers from Plaintiff and

17    members of the Class, as set forth above, and then intentionally used that information without

18    consent to acquire additional personal information belonging to Plaintiff and the Class Members,

19    including their physical addresses.

20         37.    After acquiring telephone numbers from Plaintiff and members of the Class at the

21    point of sale, Defendant utilized customized computer software to perform reverse searches from

22    "data warehousing" or "data mining" databases.  These databases contain millions of names,

23    telephone numbers, e-mail addresses and residential addresses, and are indexed in a manner that

24    resembles a reverse telephone book.  Essentially, Defendant's software matched the respective

25    Class member's now-known name and telephone number with said Class member's previously

26    unknown address, thereby covertly giving Defendant access to the Class members' names and

27    addresses, among other personal identification information.

28    ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

38.    Defendant did not inform Class members (or any other customer) at the point of sale that by providing the customer's telephone number, Defendant can then obtain the consumer's home address and match the customer's name, address, and credit card number and maintain the same in Defendant's database.

39.    As a result of Defendant's violation of California Civil Code section 1747.08, as set forth above, and Defendant's violation of California Business and Professions Code section 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by, among other things, having their personal information disseminated to others, and being exposed to identity theft. Plaintiff and members of the Class have also lost money as a result of not receiving compensation for their home address information, and not receiving a proportional share of income derived by Defendant from having this information and using the information for commercial gain. Finally, Plaintiff and members of the Class have lost property in that Defendant improperly took Plaintiff's and Class members' home address information, which is their property, without their express permission.

40.    Defendant's conduct in violating California Civil Code section 1747.08, as set forth above, violates California Business and Professions Code section 17200 in the following respects:

a.    Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unlawful business practice because Defendant's conduct violates California Civil Code section 1747.08;

b.    Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, members of the Class, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice; and

c.    Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes a fraudulent business practice because Defendant's practice is likely to mislead Plaintiff, members of the Class, and members of the general public, by

HAImSON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1  deceiving and leading consumers to believe, among other things, that consumers are obligated, in

2  some manner, to provide their telephone numbers to Defendant. Defendant's practice of

3  obtaining telephone numbers from consumers is also deceptive in that consumers are not

4  informed by Defendant tha Defendant utilizes customized computer software to further obtain

5  the consumers' address information, among other personal information.

6          41.    Defendant's unlawful, unfair, and fraudulent business practices, as described

7  above, present a continuing threat to plaintiff, members of the class, and members of the public

8  in that Defendant continues to wrongfully request and record consumers' personal identification

9  information. In addition, Defendant has been unjustly enriched as a result of its conduct.

10  Plaintiff, other members of the general public, and members of the Class have no other adequate

11  remedy of law in that absent equitable relief from the Court, as Defendant is likely to continue to

12  injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a

13  multiplicity of judicial proceedings.

14          WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

15                          **THIRD CAUSE OF ACTION**
16  **FOR INVASION OF THE CONSTITUTIONAL RIGHT TO PRIVACY**

17          42.    Plaintiff refers to and incorporates by reference as though set forth fully herein

18  paragraphs 1 through 41 of his Complaint.

19          43.    The right to privacy is protected by the California Constitution, Article I, Section

20  1.

21          44.    At all times herein mentioned and up to an including the present, Plaintiff has a

22  legally protected interest in his ability to control the dissemination of his personal and private

23  information, including the right to privacy in his home address.

24          45.    At all times herein mentioned and up to an including the present, Plaintiff had a

25  reasonable expectation of privacy in his personal and private information including, but not

26  limited to, his home address.

27          46.    During credit card transactions entered into at Defendant's stores on each and

28  every day during the two-year period preceding the filing of this class action complaint through

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

10

**CLASS ACTION COMPLAINT**

01/16/2008  10:21 FAX  6186650064          CAL_EXPRESS                                    ☒018/018

1   the present, Defendant invaded Plaintiff's and the Class members' constitutionally guaranteed

2   right to privacy by wrongfully requesting and recording their personal identification information,

3   and subsequently engaging in a "reverse search" to covertly determine Plaintiff's and Class

4   members' home addresses.

5        47.   The conduct of Defendant, in conducting these "reverse searches" to determine

6   Plaintiff's and the Class members' home addresses as described herein, constituted a serious

7   invasion of Plaintiff's right to privacy and an egregious breach of social norms.

8        48.   As a proximate result of Defendant's above acts, Plaintiff's and Class members'

9   addresses were viewed, printed, distributed, and used by Defendant for its own profit, in

10  violation of their constitutionally guaranteed right to privacy causing Plaintiff and the Class to be

11  generally damaged in an amount according to proof.

12       49.   The acts of Defendant, were willful, wanton, malicious and oppressive, and

13  justify an award of exemplary and punitive damages

14       50.   Unless and until enjoined, and restrained by order of this Court, Defendant's

15  wrongful conduct will continue to cause Plaintiff, members of the Class, and members of the

16  public great and irreparable injury in that the personal identification information maintained by

17  Defendant can be viewed, printed, distributed, and sold by Defendant.  Plaintiff and members of

18  the Class have no adequate remedy at law for the injuries in that a judgment for the monetary

19  damages will not end the invasion of privacy for Plaintiff, the Class, and the public.

20       WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

21                  **PRAYER FOR RELIEF**

22  PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

23  As to the First Cause of Action

24       1.   That the Court award to Plaintiff and to each member of the Class the civil

25  penalty to which he or she is entitled under California Civil Code section 1747.08(e);

26  As to the Second Cause of Action

27       2.   That the Court preliminarily and permanently enjoin Defendant from utilizing an

28  "Information Capture Policy" whereby Defendant's cashiers both request and record personal

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

11

**CLASS ACTION COMPLAINT**

1  identification information and credit card numbers from customers using credit cards at the

2  point-of-sale in Defendant's retail establishments;

3       As to the Third Cause of Action

4      3.    That the Court preliminarily and permanently enjoin Defendant from utilizing an

5  "Information Capture Policy" whereby Defendant's cashiers both request and record personal

6  identification information and credit card numbers from customers using credit cards at the

7  point-of-sale in Defendant's retail establishments;

8      4.    For general damages according to proof;

9      5.    For special damages according to proof;

10      6.    For exemplary or punitive damages;

11      As to All Causes of Action

12      7.    That the Court certifies this action as a class action;

13      8.    For distribution of any moneys recovered on behalf of the Class of similarly

14  situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

15  from retaining the benefits of its wrongful conduct;

16      9.    For an award of attorneys' fees as authorized by statute including, but not limited

17  to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under

18  the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

19      10.    For costs of the suit;

20      11.    For prejudgment interest at the legal rate;

21      12.    And for such other relief as the Court may deem proper.

22  Dated: July 15, 2008

    HARRISON PATTERSON & O'CONNOR LLP

23

24      By

25      James R. Patterson

26      Attorneys for Plaintiff and the Class

27

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

12

**CLASS ACTION COMPLAINT**

54

# CT CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/16/2008
CT Log Number 513643403



**TO:**   HARRY L GOLDSMITH
          AutoZone, Inc.
          123 South Front St.
          Memphis, TN 38103-3607

**RE:**   **Process Served in California**

**FOR:**  AUTOZONE, INC. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Matthew Watkins, on behalf of himself and all others similarly situated, Pltfs. vs. Autozone, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form, Cover Sheet |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA Case # 37200800087672CUBTCTL |
| **NATURE OF ACTION:** | Class Action - Unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby defendants cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point of sale in defendant's retail establishments - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2008 at 11:23 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James R. Patterson Harrison Patterson & O'Connor LLP 402 West Broadway Suite 1906 San Diego, CA 92101 619-756-6990 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791106132850 Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12          **UNITED STATES DISTRICT COURT**
13         **SOUTHERN DISTRICT OF CALIFORNIA**
14

15   JOE ROMEO, individually, and CLIFFORD          CASE NO. 06CV1505 IEG (BLM)
16   KIDD, individually, on behalf of themselves
     and all others similarly situated,            **ORDER (1) DENYING**
17                                                 **PLAINTIFFS' MOTION TO**
                                    Plaintiffs,    **REMAND and (2) DENYING**
18          vs.                                    **PLAINTIFFS' MOTION FOR**
                                                   **ATTORNEY'S FEES AND COSTS**
19   THE HOME DEPOT U.S.A., INC., et al.,
20                                                 (Doc. No. 8.)
                                    Defendants.
21

22          Presently before the Court is a motion to remand brought by Joe Romeo and Clifford Kidd

23   ("plaintiffs"). (Doc. No. 8.) For the following reasons, the Court denies plaintiffs' motion to remand

24   and denies plaintiffs' request for attorney's fees and costs.

25                                    **BACKGROUND**

26   **A.     Factual History**

27          On or about January 9, 2006 plaintiff Kidd entered a Home Depot store within San Diego

28   County to return an item previously purchased with a credit card.  (Compl. ¶ 19.) Plaintiff Kidd

                                    - 1 -

                                                                        06cv1505

                                                                        **56**

1   presented a Home Depot employee with a receipt of his previous purchase. (Id. ¶ 21.) A Home Depot

2   employee printed out a credit card transaction form, which contained a preprinted space to fill in the

3   cardholder's telephone number. (Id. ¶ 22.) "Believing that he was required to do so in order to

4   complete the transaction, [plaintiff] . . . then wrote his telephone number on the credit card transaction

5   form in the space provided . . . signed the form and then handed it back" to the employee. (Id. ¶ 23.)

6   The employee entered the information into the cash register and finished the transaction. (Id. ¶ 24.)

7        The exact same facts took place with respect to plaintiff Romeo at another Home Depot store

8   in San Diego County, on or about May 23, 2006. (Id. ¶¶ 13-18.)

9   **B.    Procedural History**

10       On June 20, 2006, plaintiffs filed their complaint in San Diego Superior Court alleging, on

11  behalf of themselves and others similarly situated in California, a violation of the Song-Beverly Credit

12  Card Act. Cal. Civ. Code §§ 1747 et seq.[1]  Plaintiffs seek statutory penalties; preliminary and

13  permanent injunctions prohibiting defendants from using a credit card form with a preprinted space

14  for the cardholder's telephone number, and ordering defendants to change their credit card forms;

15  attorneys' fees; costs of suit; and prejudgment interest. (Compl. at Prayer for Relief.)

16       On July 26, 2006, defendants removed the case to this Court. (Doc. No. 1.) On August 29,

17  2006, plaintiffs filed a motion to remand. (Doc. No. 8.) On September 11, 2006, defendants filed

18  their opposition. (Doc. No. 11.) On September 18, 2006 plaintiffs filed their reply. (Doc. No. 12.)

19  On September 21, 2006, this Court ordered defendants to submit supplemental briefing and evidence

20  on the issue of the amount in controversy in the litigation. (Doc. No. 13.) On September 28, 2006,

21  defendants filed their supplemental memorandum along with the declaration of Kim Sentovich. (Doc

22  Nos. 14-15.) The matter is now fully briefed, and the Court finds it appropriate for disposition without

23  oral argument pursuant to Civil Local Rule 7.1(d)(1).

24

25       [1] California Civil Code § 1747.08(a)(3) (Deering 2006) provides: "no . . . corporation that
26  accepts credit cards for the transaction of business shall . . . :

27  (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces
    specifically designed for filling in any personal identification information of the cardholder."

28       The statutory definition of "personal identification information" includes the cardholder's
    telephone number. Id. § 1747.08(b).

-2-

## DISCUSSION

**A.    Legal Standard**

An action is removable to federal court if it might have been brought there originally.  28 U.S.C. § 1441(a).  Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), district courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate and any one member of the plaintiff class is diverse from any defendant. 28 U.S.C. § 1332(d)(2). "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  However, the CAFA removal provision "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41.  The district court should "interpret[] expansively" its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, "the court should err in favor of exercising jurisdiction over the case." Id. at 42, as reprinted in 2005 U.S.C.C.A.N. at 40.

The district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  When the complaint is not clear, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Establishing the amount in controversy requires more than a "mere averment" that the requisite amount is at stake. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  Rather, defendants are expected to put forth "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 373 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). The Court may consider the defendant's notice of removal and further pleadings to determine whether the defendant has properly substantiated the amount in controversy. Cohn v. Petsmart Inc., 281 F.3d 837, 840 n.1. (9th Cir. 2002).

**B.    Analysis**

A violator of California Civil Code § 1747.08 "shall be subject to a civil penalty not to exceed

- 3 -

two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation[.]" § 1747.08(e). The amount of statutory damages in controversy is "facially apparent" from the complaint: plaintiffs seek the statutory maximum. (Compl. ¶¶ 30, 38 (plaintiffs and class members "are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation")).

What is not "facially apparent" from the complaint–and, therefore, what defendants must prove by a preponderance of the evidence–is the number of alleged violations during the year prior to the filing of the complaint.[2] To establish the number of alleged violations, defendants have included with their supplemental brief the declaration of Kim Sentovich, a regional vice-president with Home Depot. (See Sentovich Decla. in Opp. to Motion ¶ 1.) Ms. Sentovich supervises operations of one third of California's Home Depot retail stores, and is familiar with the operations of other Home Depot stores not directly under her supervision. (Id.) Under penalty of perjury, Ms. Sentovich declares, "Home Depot's California stores processes [sic] an average of 60,000 credit card refund transactions per year."[3] (Id. ¶ 3.) If plaintiffs receive the statutory maximum for all of these transactions, the amount in statutory damages in controversy would equal nearly $60 million.[4] (Supp. Opp., at 2.) Even without considering the plaintiffs' other forms of requested relief (e.g., injunction, attorneys' fees), defendants have proven plaintiffs' complaint satisfies CAFA's $5 million aggregate amount in

---

[2] Plaintiffs define the class as all persons within the year prior to the filing of the complaint who entered into credit card refund transactions in which defendants used a form with a preprinted space for the cardholder's telephone number. (Compl. ¶ 25.) Plaintiffs also define a "subclass" of all class members who actually provided their telephone number on the credit card refund form. (Id.) However, based on the language of the statute, the subclass appears to be irrelevant because the statutory violation is the utilization of a form with a preprinted space for personal identification information. See Cal. Civ. Code § 1747.08(a)(3) (omitting any requirement that the recipient of the form actually provide the personal identification information).

[3] Ms. Sentovich bases her testimony on the multiplication of the number of Home Depot stores in California (approximately two hundred) times the number of credit card refund transactions that each store processes annually (at least three hundred).

[4] The total amount of statutory damages is slightly less than $60 million because plaintiffs would receive only $250 for the first violation.

06cv1505

1  controversy.[5]

2      Plaintiffs cannot avoid satisfaction of the amount in controversy by alleging it would be "far

3  from reasonable to infer that a court or jury" would award the statutory maximum. (Reply, at 2-3.)

4  Where plaintiffs pray for statutory penalties "up to" the statutory maximum of $1,000 per violation,

5  this Court would remand for lack of subject matter jurisdiction only if it "'appear[ed] to a legal

6  certainty that the claim is really for less than the jurisdictional amount.'" Crum v. Circus Circus

7  Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109

8  F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283,

9  289 (1938))). While plaintiffs may not eventually receive the statutory maximum for each violation,

10  plaintiffs have not established "to a legal certainty" that the aggregate amount in

11  controversy–including statutory damages, attorneys' fees, and value of the injunction–would fall

12  below $5 million.

13      2.    Attorney's Fees and Costs

14      Plaintiff requests attorney's fees and costs as provided for by law. See 28 U.S.C. § 1447 (c)

15  ("An order remanding the case may require payment of just costs and any actual expenses, including

16  attorney's fees, incurred as a result of the removal"). Having denied plaintiffs' motion to remand, the

17  Court obviously believes defendants had "an objectively reasonable basis" to remove this case. See

18  Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005); Patel v. Del Taco, Inc.,

19  446 F.3d 996, 999 (9th Cir. 2006) (denying attorney's fees when the removing party had an

20  "objectively reasonable basis").

21                            CONCLUSION

22      For the foregoing reasons, the Court **DENIES** plaintiffs' motion to remand and **DENIES**

23  plaintiffs' request for attorney's fees.

24      **IT IS SO ORDERED.**

25

26  DATED: October 30, 2006

27                            IRMA E. GONZALEZ, Chief Judge
                             United States District Court

28  ─────────────────────
    [5] Because the Court bases its denial of plaintiffs' motion to remand on the Sentovich
    declaration, the Court denies plaintiffs' request for "immediate discovery" on defendants'
    representations in their Notice of Removal.



1  LATHAM & WATKINS LLP
   Belinda S Lee (Bar No. 199635)
2     Courtney E. Vaudreuil (Bar No. 223439)
  355 South Grand Avenue
3  Los Angeles, California 90071
  Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  Attorneys for Defendant
  AUTOZONE, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10

11  MATTHEW WATKINS, on behalf of himself     CASE NO.  37-2008-00087672-CU-BT-CTL
   and all others similarly situated,

12                        Plaintiff,

13  v.                                        NOTICE OF REMOVAL TO THE UNITED
                                  STATES DISTRICT COURT
   AUTOZONE, INC.,

14

15                        Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2  **HIS ATTORNEYS OF RECORD:**

3         **PLEASE TAKE NOTICE** that a Removal of the above-entitled action from the

4  Superior Court of the State of California for the County of San Diego to the United States

5  District Court for the Southern District of California was filed with the United States District

6  Court for the Southern District Court of California on August 15, 2008.

7         A copy of said Notice of Removal of Action under 28 U.S.C. § 1332(d)(2), 1453,

8  1441, and 1446, together with all papers filed therewith, is attached hereto as Exhibit 1 and is

9  incorporated fully herein by reference.

10

11  Dated:  August 15, 2008               Respectfully submitted,

12

13                                 LATHAM & WATKINS LLP

14                                 Belinda S Lee
                               Courtney E. Vaudreuil

15

16                    By _____

17                                 Courtney E. Vaudreuil
                               Attorneys for Defendant
                               AutoZone, Inc

18

19

20

21

22

23

24

25

26

27

28

                                      2    NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

Michelle Wright

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

by serving a true copy of the above-described document in the following manner:

**BY OVERNIGHT MAIL DELIVERY**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

Michelle Wright

1  LATHAM & WATKINS LLP
      Belinda S Lee (Bar No. 199635)
2     belinda.lee@lw.com
      Courtney E. Vaudreuil (Bar No. 223439)
3     courtney.vaudreuil@lw.com
   355 South Grand Avenue
4  Los Angeles, California 90071
   Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Defendant
   AUTOZONE, INC.

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW WATKINS, on behalf of himself     CASE NO.
    and all others similarly situated,

12                    Plaintiff,

13  v.                                          DECLARATION OF STACEY JENKINS IN
                                                SUPPORT OF NOTICE OF REMOVAL OF
    AUTOZONE, INC., a Nevada corporation,       ACTION TO FEDERAL COURT
14  and DOES 1 through 50, inclusive
                                                [Diversity Jurisdiction, 28 U.S.C.  1332(d)(2),
15                    Defendants.               1453, 1441, 1446]

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF STACEY JENKINS

I, Stacey Jenkins, hereby declare and testify as follows:

     1.     I am executing this declaration on behalf of defendant AutoZone, Inc. I am employed as Manager of Treasury Operations. I am responsible for credit card and cash tenders. I am familiar with the credit card, debit card, and cash processes of AutoZone retail locations in California. I make this declaration of my personal and firsthand knowledge, information, and belief and if called upon could testify competently under oath hereto.

     2.     There are more than 441 AutoZone retail locations in California, all of which accept credit cards and debit cards as a method of payment.

     3.     One of the credit cards accepted at AutoZone retail locations in California is American Express. I obtained from American Express the approximate number of approved American Express credit card purchases at AutoZone retail locations in California during the year preceding the filing of the Complaint on July 15, 2008. The time frame for the data that American Express provided to me was from July 1, 2007, through July 1, 2008. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California from July 1, 2007, through July 1, 2008, is 352,396.

     4.     AutoZone retail locations in California accept several credit cards and debit cards other than American Express. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California therefore comprises only a small portion of total credit card and debit card purchases processed at AutoZone retail locations in California from July 1, 2007, through July 1, 2008.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th of August 2008, in Memphis, Tennessee.

STACEY JENKINS

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

### DECLARATION OF STACEY JENKINS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

Michelle Wright

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

by serving a true copy of the above-described document in the following manner:

**BY OVERNIGHT MAIL DELIVERY**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

Michelle Wright

1

## PROOF OF SERVICE

2

I am employed in the County of San Diego, State of California.  I am over the age of 18
years and not a party to this action.  My business address is Latham & Watkins LLP, 600 W.
Broadway, Suite 1800, San Diego, CA  90210.

3

4

On August 15, 2008, I served the following document described as:

5

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

6

by serving a true copy of the above-described document in the following manner:

7

**BY OVERNIGHT MAIL DELIVERY**

8

I am familiar with the office practice of Latham & Watkins LLP for collecting
and processing documents for overnight mail delivery by Express Mail or other express service
carrier.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel
responsible for depositing documents in a post office, mailbox, subpost office, substation, mail
chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or
other express service carrier; such documents are delivered for overnight mail delivery by
Express Mail or other express service carrier on that same day in the ordinary course of business,
with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham & Watkins
LLP' interoffice mail a sealed envelope or package containing the above-described document
and addressed as set forth below in accordance with the office practice of Latham & Watkins
LLP for collecting and processing documents for overnight mail delivery by Express Mail or
other express service carrier:

9

10

11

12

13

14

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA  92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

15

16

17

18

19

20

21

22

23

24

I declare that I am employed in the office of a member of the Bar of, or permitted to
practice before, this Court at whose direction the service was made and declare under penalty of
perjury under the laws of the State of California that the foregoing is true and correct.

25

26

Executed on August 15, 2008, at San Diego, California.

27

_____

28

Michelle Wright

LATHAM&WATKINS LLP   LA\1891128.1
ATTORNEYS AT LAW

**ORIGINAL**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MATTHEW WATKINS, on behalf of himself and others similarly situated | AUTOZONE, INC., a Nevada corporation, and DOES 1 through 50 inclusive |

2008 AUG 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 1509 H AJB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James R. Patterson, 402 W. Broadway, 29th Flr., San Diego, CA 92101. Tel. (619) 756-6990

Attorneys (If Known)
Belinda S Lee, Courtney E. Vaudreuil, Latham & Watkins LLP, 355 South Grand, Los Angeles, CA 90071

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure 28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC/332(d)(2), 1441, 1453

Brief description of cause:
Class Action for Violation of Cal. Civil Code

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
08/15/2008

SIGNATURE OF ATTORNEY OF RECORD
_Courtney E. Vaudreuil_

**FOR OFFICE USE ONLY**

RECEIPT # 134127  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

MB 08/18/08



## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA  90210.

On August 15, 2008, I served the following document described as:

### CIVIL CASE COVER SHEET

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>        gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA  92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>        ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

_____
Michelle Wright

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 154127    — MB

# August 18. 2008
# 11:20:45

## Civ Fil Non-Pris
USAO #.: 08CV1509 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC71138

## Total-> $350.00

FROM: MATTHEW WATKINS VS
      AUTOZONE. ET AL

1   LATHAM & WATKINS LLP
       Belinda S Lee (Bar No. 199635)
2       belinda.lee@lw.com
       Courtney E. Vaudreuil (Bar No. 223439)
3       courtney.vaudreuil@lw.com
    355 South Grand Avenue
4   Los Angeles, California 90071
    Telephone: +1.213.485.1234
5   Facsimile: +1.213.891.8763

6   Attorneys for Defendant
    AUTOZONE, INC.

7



8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW WATKINS, on behalf of himself      CASE NO.
    and all others similarly situated,

12              Plaintiff,                      '08 CV 1509 H AJB
    v.
13                                             DECLARATION OF STACEY JENKINS IN
    AUTOZONE, INC., a Nevada corporation,      SUPPORT OF NOTICE OF REMOVAL OF
14  and DOES 1 through 50, inclusive           ACTION TO FEDERAL COURT

15              Defendants.                     [Diversity Jurisdiction, 28 U.S.C. 1332(d)(2),
                                               1453, 1441, 1446]
16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF STACEY JENKINS

I, Stacey Jenkins, hereby declare and testify as follows:

1.     I am executing this declaration on behalf of defendant AutoZone, Inc. I am employed as Manager of Treasury Operations. I am responsible for credit card and cash tenders. I am familiar with the credit card, debit card, and cash processes of AutoZone retail locations in California. I make this declaration of my personal and firsthand knowledge, information, and belief and if called upon could testify competently under oath hereto.

2.     There are more than 441 AutoZone retail locations in California, all of which accept credit cards and debit cards as a method of payment.

3.     One of the credit cards accepted at AutoZone retail locations in California is American Express. I obtained from American Express the approximate number of approved American Express credit card purchases at AutoZone retail locations in California during the year preceding the filing of the Complaint on July 15, 2008. The time frame for the data that American Express provided to me was from July 1, 2007, through July 1, 2008. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California from July 1, 2007, through July 1, 2008, is 352,396.

4.     AutoZone retail locations in California accept several credit cards and debit cards other than American Express. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California therefore comprises only a small portion of total credit card and debit card purchases processed at AutoZone retail locations in California from July 1, 2007, through July 1, 2008.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th of August 2008, in Memphis, Tennessee.

STACEY JENKINS

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA  90210.

On August 15, 2008, I served the following document described as:

**DECLARATION OF STACEY JENKINS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

by serving a true copy of the above-described document in the following manner:

**BY OVERNIGHT MAIL DELIVERY**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA  92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

_____
Michelle Wright