ORIGINAL

FILED

2008 AUG 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KMH _____ DEPUTY

1   LATHAM & WATKINS LLP
      Belinda S Lee (Bar No. 199635)
2      belinda.lee@lw.com
      Courtney E. Vaudreuil (Bar No. 223439)
3      courtney.vaudreuil@lw.com
    355 South Grand Ave.
4   Los Angeles, California 90071
    Telephone:   (213) 485-1234
5   Facsimile:   (213) 891-8763

6   Attorneys for Defendant
    AUTOZONE, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  MATTHEW WATKINS, on behalf of himself      CASE NO.
    and all others similarly situated,
11                                             '08 CV 1509 H AJB
                    Plaintiff,
12  v.                                         CERTIFICATE OF SERVICE ON ADVERSE
                                               PARTIES OF NOTICE OF REMOVAL OF
13  AUTOZONE, INC., a Nevada corporation,      CIVIL ACTION AND RELATED
    and DOES 1 through 50, inclusive           PLEADINGS
14
                    Defendants.
15

16

17  TO THE HONORABLE COURT AND TO PLAINTIFF AND HIS COUNSEL:

18          PLEASE TAKE NOTICE that pursuant to 28 U.S.C Section 1446(d), removing

19  Defendant AutoZone, Inc., a Nevada corporation, has filed appropriate notice of removal with

20  the Clerk of the Court, Superior Court of the State of California, San Diego County, and has

21  served same on Plaintiff Matthew Watkins.  A copy of the Notice and Proof of Service is

22  attached hereto as Exhibit 1.

23  Dated:  August 15, 2008              Respectfully Submitted,
                                        LATHAM & WATKINS LLP
24                                      Belinda S Lee
                                        Courtney E. Vaudreuil
25

26                                      By _Courtney E. Vaudreuil_
                                           Courtney E. Vaudreuil
27                                         Attorneys for Defendant
                                           AutoZone, Inc.
28

**EXHIBIT 1**

1 | LATHAM & WATKINS LLP
     Belinda S Lee (Bar No. 199635)
2 |   Courtney E. Vaudreuil (Bar No. 223439)
   355 South Grand Avenue
3 | Los Angeles, California 90071
   Telephone: (213) 485-1234
4 | Facsimile: (213) 891-8763

5 | Attorneys for Defendant
   AUTOZONE, INC.

6

7

8 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                        COUNTY OF SAN DIEGO

10

11 | MATTHEW WATKINS, on behalf of himself    CASE NO. 37-2008-00087672-CU-BT-CTL
    and all others similarly situated,

12 |                 Plaintiff,
    v.
13 |                                           NOTICE OF REMOVAL TO THE UNITED
    AUTOZONE, INC.,                            STATES DISTRICT COURT
14
                  Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2  **HIS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that a Removal of the above-entitled action from the

4  Superior Court of the State of California for the County of San Diego to the United States

5  District Court for the Southern District of California was filed with the United States District

6  Court for the Southern District Court of California on August 15, 2008.

7       A copy of said Notice of Removal of Action under 28 U.S.C. § 1332(d)(2), 1453,

8  1441, and 1446, together with all papers filed therewith, is attached hereto as Exhibit 1 and is

9  incorporated fully herein by reference.

10

11  Dated:  August 15, 2008            Respectfully submitted,

12

13             LATHAM & WATKINS LLP
           Belinda S Lee

14             Courtney E. Vaudreuil

15

16           By _____
           Courtney E. Vaudreuil

17             Attorneys for Defendant
           AutoZone, Inc

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

LATHAM & WATKINS LLP
  Belinda S Lee (Bar No. 199635)
  belinda.lee@lw.com
  Courtney E. Vaudreuil (Bar No. 223439)
  courtney.vaudreuil@lw.com
355 South Grand Avenue
Los Angeles, California 90071
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Defendant
AUTOZONE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATKINS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>AUTOZONE, INC., a Nevada corporation, and DOES 1 through 50, inclusive<br><br>        Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT<br><br>[Diversity Jurisdiction, 28 U.S.C. 1332(d)(2), 1441, 1453, 1446] |

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2  **HIS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendant

4  AutoZone, Inc. ("AutoZone") hereby removes this action from the Superior Court of the State of

5  California, in and for the County of San Diego, to the United States District Court for the

6  Southern District of California.

7       Defendants are entitled to such removal based upon the following:

8       1.    On July 15, 2008, Plaintiff Matthew Watkins, on behalf of himself and

9  others similarly situated, filed an action in the Superior Court of the State of California for the

10  County of San Diego entitled *Matthew Watkins v. AutoZone, Inc., a Nevada corporation, and*

11  *Does 1-50,* Civil Case No. 37-2008-00087672-CU-BT-CTL. A true and correct copy of all

12  process, pleadings, and orders filed and/or served in the state court proceeding to date are

13  attached hereto as Exhibit 1.

14       2.    On July 16, 2008, Defendant AutoZone, Inc. ("AutoZone"), the only

15  named and served defendant, was served with a copy of the Complaint and Summons. A true

16  and correct copy of the Service of Process is attached hereto as Exhibit 2.

17    **REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

18       3.    The Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d)

19  vests the district courts with original jurisdiction over class actions in which (1) the amount in

20  controversy exceeds $5 million dollars, (2) any plaintiff class member is a citizen of a state

21  different from any defendant, (3) the primary defendants are not states, state officials, or other

22  government entities, and (4) there are at least 100 plaintiffs in the class. 28 U.S.C. §§

23  1332(d)(2), (d)(5). CAFA removal is intended to "be read broadly with a strong preference that

24  interstate class actions should be heard in federal court if properly removed by any defendant."

25  S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41. This matter meets all

26  four requirements.

27       **THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

28       4.    Plaintiff does not set forth a specific dollar amount requested for the civil

1   penalties, damages, punitive damages, and attorneys' fees that he seeks. "Where the complaint

2   does not specify the amount of damages sought, the removing defendant must prove by a

3   preponderance of the evidence that the amount in controversy requirement has been met."

4   *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

5          5.    Plaintiff seeks to represent a class of consumers whose information was

6   purportedly collected in violation of California Civil Code section 1747.08. Complaint ¶¶ 31-34.

7   Plaintiff seeks "civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8   pursuant to California Civil Code section 1747.08(e)." Complaint ¶ 34. Plaintiff also seeks

9   general damages, special damages, punitive damages, injunctive relief, and attorneys' fees and

10  costs. Complaint at 12. These amounts will exceed the jurisdictional minimum under CAFA.

11         6.    AutoZone retail locations in California accept several credit cards,

12  including American Express. From July 1, 2007, to July 1, 2008, AutoZone retail locations in

13  California processed 352,396 approved American Express credit card purchases. See Jenkins

14  Decl., ¶¶ 3-4. Without even looking to other credit cards accepted by AutoZone, applying the

15  statutory maximum penalty of $1,000 to the American Express charges alone yields a total of

16  $ 352,396,000 - well above the jurisdictional minimum.

17         7.    This method of calculation is consistent with another matter recently

18  before this Court. In *Romeo v. Home Depot U.S.A., Inc. et al.*, Case No. 06 CV 1505IEG, filed

19  by the same Plaintiff's counsel on June 20, 2006 and involving the same statutory scheme, this

20  Court upheld removal under CAFA. See Order (1) Denying Plaintiffs' Motion to Remand [...],

21  Case No. 06 CV 1505IEG, Doc. No. 8, October 30, 2006. A true and correct copy of that Order

22  is attached hereto as Exhibit 3. This Court denied the plaintiff's request for remand, finding that

23  "[t]he amount of statutory damages in controversy is 'facially apparent' from the complaint:

24  plaintiffs seek the statutory maximum." *Id.* at 4:2-3. Plaintiff's complaint here uses language

25  identical to that used by the *Romeo* plaintiff, indicating that Plaintiff here is also seeking the

26  statutory maximum. See Complaint ¶ 34 (stating Plaintiff and class members "are entitled to

27  civil penalties in amounts of up to one thousand dollars ($1,000) per violation") and *Romeo*

28  Order, *supra*, at 4:4-5.

## REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY OF CITIZENSHIP

8.      Under CAFA, the requirement of diversity of citizenship is met when at least one plaintiff is diverse from at least one defendant. "In other words, complete diversity is not required." *Lunther v. Countrywide Home Loans Servicing LP*, No. 08-55865, 2008 WL 2775483, at *2 (9th Cir. July 16, 2008).

9.      This action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action involving a defendant whose state of incorporation and principal place of business are located outside of California. Moreover, this Court has supplemental jurisdiction over any pendant state law claims under 28 U.S.C. § 1367 and such claims are removable pursuant to 28 U.S.C. § 1441(c).

10.     At all relevant times, AutoZone, Inc. was incorporated in the State of Nevada, as referenced in paragraph 5 of the Complaint. However, Plaintiff incorrectly asserts that AutoZone, Inc's principal place of business is California. AutoZone's principal place of business is 123 South Front Street, Memphis, Tennessee, 38103-3607.

11.     At the time of filing his Complaint, Plaintiff was a resident of California, Complaint ¶ 7, therefore the diversity requirement that at least one plaintiff is of a different state than the removing defendant is met, and diversity jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A).

12.     There are no states or government entities names in this action.

## NUMBER OF PROPOSED CLASS MEMBERS EXCEEDS MINIMUM

13.     Plaintiff's Complaint meets the definition set forth in 28 U.S.C. § 1332(d)(1)(B) of "class action" as "any civil action filed under rule 23 of Federal Rules of Civil Procedure or similar State statute or rule of jurisdictional procedure authorizing an action to be brought by 1 or more representative persons as a class action." Plaintiff brings this action pursuant to California Code of Civil Procedure section 382, which allows for an action to be brought "when the parties are numerous, and it is impracticable to bring them all before the court . . . ."

14.    A putative class action under 28 U.S.C. §1332(d)(5) must exceed 100 persons.  Given the volume of credit card transactions processed in a single year, as described in paragraph 6 above, the putative class exceeds 100 persons.

### INTRADISTRICT ASSIGNMENT

15.    Assignment of this action to the United States District Court Southern District of California is appropriate because this action is being removed from the San Diego County Superior Court.

### REMOVAL PROCEDURE

16.    This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b), because it is within thirty days of service of the summons and complaint on AutoZone.

17.    AutoZone is concurrently serving written notice of the removal of this action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).  *See* Notice of Removal to the United States District Court, attached hereto as Exhibit 4.

### CONCLUSION

For all the foregoing reasons, removal of this action to this Court is proper. AutoZone's removal does not waive any objections or defenses that AutoZone may assert as to the sufficiency of the Complaint, jurisdiction, venue, or as to any of the claims in the Complaint.

**WHEREFORE**, AutoZone removes the original action brought by Plaintiff now pending in the Superior Court for the County of San Diego to this Court.

Dated:  August 15, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Belinda S Lee
Courtney E. Vaudreuil

By _Courtney E. Vaudreuil_
Courtney E. Vaudreuil
Attorneys for Defendant
AutoZone, Inc.

**EXHIBIT 1**

07/16/2008 10:19 FAX 8198850084    CAL_EXPRESS    ☎002/019

1(23

**SUMMONS**    **SUM-100**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** 716·8

AUTOZONE, INC., a Nevada corporation; and DOES 1 through 50, inclusive

FILED
CIVIL BUSINESS OFFICE 5

2009 JUL 15 P 2:54

CLERK-SUPERIOR COURT
COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MATTHEW WATKINS, on behalf of himself and all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | 37-2008-00067672-CU-BT-CTL |

☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-383.
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-39.1
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA CA 92065-6299
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 9312 -6752

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

James R. Patterson / Cary A. Kinkead
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, Ste. 1905    Tel: 619-756-6990
San Diego, CA 92101

| DATE: JUL 1 5 2008 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

CLERK OF THE SUPERIOR COURT
C. Beuder

(For proof of service of this summons, use Proof of Service of Summons (form POS-010)).
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify): AutoZone INC

under ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (individual)
☐ other (specify):

4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
SDSC CIV-316 [Rev. 1-04]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

09

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7070

PLAINTIFF(S) / PETITIONER(S):    Matthew Watkins

DEFENDANT(S) / RESPONDENT(S): Autozone Inc

WATKINS VS. AUTOZONE INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00087672-CU-BT-CTL |
|---|---|

Judge: Jay M. Bloom                          Department: C-70

COMPLAINT/PETITION FILED: 07/15/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**CASE NUMBER: 37-2006-00087672-CU-BT-CTL          CASE TITLE: Watkins vs. Autozone Inc**

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing. If a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

07/16/2008 10:18 FAX  8186850084          CAL_EXPRESS                          @005/018

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

07/18/2008 10:18 FAX 8188850084          CAL_EXPRESS                              @008/019

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Matthew Watkins | |
| DEFENDANT(S): Autozone Inc | |
| SHORT TITLE: WATKINS VS. AUTOZONE INC | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00087872-CU-BT-CTL |
|---|---|

Judge: Jay M. Bloom                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program              ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                    ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                            ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                    ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as a arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                          Date: _____

_____               _____
Name of Plaintiff                              Name of Defendant

_____               _____
Signature                                      Signature

_____               _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____               _____
Signature                                      Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 07/16/2008                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)     STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page 1

3

07/18/2008 10:18 FAX  6186850084          CAL_EXPRESS                              ☎007/018

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James R. Patterson (SBN: 211102) Cary A. Kinkead (SBN: 216545)<br>HARRISON PATTERSON & O'CONNOR LLP<br>402 West Broadway, Ste. 1905<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-756-6990    FAX NO.: 619-756-6991 | **FILED**<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br><br>2008 JUL 15 P 2: 54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| ATTORNEY FOR *(Name):* Plaintiff MATTHEW WATKINS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: MATTHEW WATKINS v. AUTO ZONE, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | 37-2008-00087573-CU-BT-CTL |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 1800–1812) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | types (41) |
| ☒ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 3
5. This case ☒ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 15, 2008

James R. Patterson
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use          Page 1 of 2
Judicial Council of California
CM-010 [Rev. January 1, 2008]    **CIVIL CASE COVER SHEET**    American Legal Net, Inc.    Cal. Rules of Court, rules 201.8, 1800–1812;
                                                             www.USCourtForms.com    Standards of Judicial Administration, § 19
                                                                                      www.courtinfo.ca.gov

14



James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

James R. Patterson, State Bar No. 211102
Cary A. Kinkead, State Bar No. 216545
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiff and the Class

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 JUL 15 P 2:54

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

MATTHEW WATKINS, on behalf of
himself and all others similarly situated,

Plaintiffs,

vs.

AUTOZONE, INC., a Nevada corporation;
and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 37-2008-00087672-CU-BT-CTL

**CLASS ACTION**

**COMPLAINT FOR CIVIL PENALTIES,
DAMAGES, AND INJUNCTIVE RELIEF
[CIVIL CODE § 1747.08; BUSINESS AND
PROFESSIONS CODE § 17200; AND
INVASION OF PRIVACY]**

**DEMAND FOR JURY TRIAL**

Plaintiff Matthew Watkins, on behalf of himself and all others similarly situated,

complains and alleges upon information and belief based, among other things, upon the

investigation made by Plaintiff by and through his attorneys as follows:

///

///

///

CLASS ACTION COMPLAINT

15

**I.**

**INTRODUCTION**

1.      California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

2.      Defendant operates retail stores throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3.      This action arises from Defendant's violations of California Civil Code section 1747.08, Business and Professions Code section 17200 and/or invasion of privacy, by and through Defendant's requesting and recording of Plaintiff's and the Class members' credit card numbers and telephone numbers during the point-of-sale process at Defendant's retail establishments. Upon receipt of this information, Defendant uses the telephone number obtained from the cardholder to acquire additional personal information belonging to Plaintiff and the Class members, including their physical residential addresses. Such conduct is performed

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

2

**CLASS ACTION COMPLAINT**

16

1    intentionally without the consent of Plaintiff and the Class members.

2        4.    Plaintiff does not seek any relief greater than or different from the relief sought

3    for the Class of which Plaintiff is a member. The action, if successful, will enforce an important

4    right affecting the public interest and would confer a significant benefit, whether pecuniary or

5    non-pecuniary, on a large class of persons. Private enforcement is necessary and places a

6    disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

7                                                    II.

8                                    **JURISDICTION AND VENUE**

9        5.    Plaintiff is informed and believes and based thereon alleges that Defendant is a

10   Nevada corporation with its principal place of business in California. Defendant does business

11   in the State of California, and in the County of San Diego. Defendant has accepted credit cards

12   for the transaction of business throughout California, including the County of San Diego, which

13   has caused both obligations and liability of Defendant to arise in the County of San Diego.

14       6.    The amount in controversy exceeds the jurisdictional minimum of this court.

15                                                   III.

16                                           **THE PARTIES**

17   A.   **Plaintiff**

18       7.    Plaintiff Matthew Watkins (herein referred to as "Plaintiff") is a resident of San

19   Diego, California.

20       8.    Plaintiff brings this class action against Defendant, pursuant to California Code of

21   Civil Procedure section 382, on behalf of himself and all persons in California from whom

22   Defendant requested and recorded personal identification information in conjunction with a

23   credit card transaction (herein referred to as the "Class"). Excluded from the Class are

24   Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

25   which Defendant has a controlling interest, and the legal representatives, successors or assigns of

26   any such excluded persons or entities.

27   ///

28   ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

                                                   2
                                    **CLASS ACTION COMPLAINT**

**B.**    <u>Defendant</u>

9.    Plaintiff is informed and believes and based thereon alleges that Defendant AutoZone, Inc. (herein referred to as "Defendant"), is a Nevada corporation with its principal place of business in California. Defendant operates retail stores throughout California, including stores in San Diego County.

**C.**    <u>Doe Defendants</u>

10.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.**    <u>Agency/Aiding And Abetting</u>

11.    At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

///
///
///
///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

4

**CLASS ACTION COMPLAINT**

## IV.

## CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

13. Within the last 12 months, Plaintiff went to Defendant's retail store located in San Diego, California.

14. Plaintiff entered Defendant's store and proceeded to select products from the store that Plaintiff intended to purchase.

15. After selecting an item, Plaintiff proceeded to the cashiers' station of Defendant's store to pay for the items selected through the use of a credit card.

16. Defendant's employee saw that Plaintiff had selected a product that Plaintiff wished to purchase from Defendant. Then, as part of Defendant's Information Capture Policy, Defendant's employee requested personal identification information from Plaintiff in the form of Plaintiff's telephone number, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's telephone number. Plaintiff, believing that he was required to provide his telephone number to complete the transaction, told Defendant's employee his telephone number.

17. Defendant's employee then typed and recorded Plaintiff's telephone number into the same electronic cash register.

18. After requesting and recording Plaintiff's telephone number, Defendant's employee informed Plaintiff of the amounts due to Defendant for said products. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

19. At this point in the transaction, Defendant has Plaintiff's credit card number and telephone number recorded into the same database.

20. Defendant's employee then printed out and handed Plaintiff a credit card transaction form to sign.

21. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with his purchased items.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

**V.**

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class"). Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

23.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of any difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

25.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

      a.      whether each Class member engaged in a credit card transaction with Defendant;

      b.      whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

6
**CLASS ACTION COMPLAINT**

1  transactions with Class members;

2         c.     whether Defendant's conduct of requesting the cardholder to provide personal

3  identification information during credit card transactions and recording the personal

4  identification information of the cardholder constitutes violations of California Civil Code

5  section 1747.08;

6         d.     whether Plaintiffs and the Class are entitled to injunctive relief; and

7         e.     whether Plaintiffs and the Class have sustained damages, and the proper measure

8  of damages.

9         27.    Plaintiff's claims are typical of those of the other Class members because

10  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

11  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

12  pursuant to California Civil Code section 1747.08(e).

13         28.    Plaintiff can fairly and adequately represent the interests of the Class, he has no

14  conflicts of interest with other Class members, and has retained counsel competent and

15  experienced in class action and civil litigation.

16         **FIRST CAUSE OF ACTION FOR VIOLATIONS OF**
        **CALIFORNIA CIVIL CODE § 1747.08**
17         **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

18         29.    Plaintiff refers to and incorporates by reference as though set forth fully herein

19  paragraphs 1 through 28 of this Complaint.

20         30.    California Civil Code section 1747.08 prohibits any corporation, which accepts

21  credit cards for the transaction of business, from requesting the cardholder to provide personal

22  identification information which the corporation then records in conjunction with a credit card

23  transaction.

24         31.    Defendant is a corporation that accepts credit cards for the transaction of business.

25         32.    During credit card transactions entered into at Defendant's stores on each and

26  every day during the one-year period preceding the filing of this class action complaint through

27  the present, Defendant utilized, and continues to utilize, an "Information Capture Policy"

28  whereby Defendant's cashiers both request and record telephone numbers and credit card

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

7
**CLASS ACTION COMPLAINT**

1  numbers from customers using credit cards at the point-of-sale in Defendant's retail

2  establishments.

3       33.    It is and was Defendant's routine business practice to intentionally engage in the

4  conduct described in this cause of action with respect to every person who, while using a credit

5  card, purchases any product from any of Defendant's stores in the State of California.

6       34.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

7  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

8  pursuant to California Civil Code section 1747.08(e).

9       WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

10          **SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

11 **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

12      35.    Plaintiff refers to and incorporates by reference as though set forth fully herein

13 paragraphs 1 through 34 of this Complaint.

14      36.    During credit card transactions entered into at Defendant's stores on each and

15 every day during the four-year period preceding the filing of this class action complaint through

16 the present, Defendant wrongfully requested and recorded telephone numbers from Plaintiff and

17 members of the Class, as set forth above, and then intentionally used that information without

18 consent to acquire additional personal information belonging to Plaintiff and the Class Members,

19 including their physical addresses.

20      37.    After acquiring telephone numbers from Plaintiff and members of the Class at the

21 point of sale, Defendant utilized customized computer software to perform reverse searches from

22 "data warehousing" or "data mining" databases. These databases contain millions of names,

23 telephone numbers, e-mail addresses and residential addresses, and are indexed in a manner that

24 resembles a reverse telephone book. Essentially, Defendant's software matched the respective

25 Class member's now-known name and telephone number with said Class member's previously

26 unknown address, thereby covertly giving Defendant access to the Class members' names and

27 addresses, among other personal identification information.

28 ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

8

**CLASS ACTION COMPLAINT**

HARDISON PATTERSON & O'CONNOR LLP
402 West Broadway
39TH Floor
San Diego, CA 92101

38.     Defendant did not inform Class members (or any other customer) at the point of sale that by providing the customer's telephone number, Defendant can then obtain the consumer's home address and match the customer's name, address, and credit card number and maintain the same in Defendant's database.

39.     As a result of Defendant's violation of California Civil Code section 1747.08, as set forth above, and Defendant's violation of California Business and Professions Code section 17200, as set forth below, Plaintiff and members of the Class have suffered an injury in fact by, among other things, having their personal information disseminated to others, and being exposed to identity theft. Plaintiff and members of the Class have also lost money as a result of not receiving compensation for their home address information, and not receiving a proportional share of income derived by Defendant from having this information and using the information for commercial gain. Finally, Plaintiff and members of the Class have lost property in that Defendant improperly took Plaintiff's and Class members' home address information, which is their property, without their express permission.

40.     Defendant's conduct in violating California Civil Code section 1747.08, as set forth above, violates California Business and Professions Code section 17200 in the following respects:

a.     Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unlawful business practice because Defendant's conduct violates California Civil Code section 1747.08;

b.     Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, members of the Class, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice; and

c.     Defendant's practice of wrongfully requesting and recording consumers' telephone numbers constitutes a fraudulent business practice because Defendant's practice is likely to mislead Plaintiff, members of the Class, and members of the general public, by

9

**CLASS ACTION COMPLAINT**

1  deceiving and leading consumers to believe, among other things, that consumers are obligated, in

2  some manner, to provide their telephone numbers to Defendant. Defendant's practice of

3  obtaining telephone numbers from consumers is also deceptive in that consumers are not

4  informed by Defendant tha  Defendant utilizes customized computer software to further obtain

5  the consumers' address information, among other personal information.

     41.    Defendant's unlawful, unfair, and fraudulent business practices, as described

7  above, present a continuing threat to plaintiff, members of the class, and members of the public

8  in that Defendant continues to wrongfully request and record consumers' personal identification

9  information. In addition, Defendant has been unjustly enriched as a result of its conduct.

10 Plaintiff, other members of the general public, and members of the Class have no other adequate

11 remedy of law in that absent equitable relief from the Court, as Defendant is likely to continue to

12 injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a

13 multiplicity of judicial proceedings.

     WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### FOR INVASION OF THE CONSTITUIONAL RIGHT TO PRIVACY

     42.    Plaintiff refers to and incorporates by reference as though set forth fully herein

18 paragraphs 1 through 41 of his Complaint.

     43.    The right to privacy is protected by the California Constitution, Article I, Section

20 1.

     44.    At all times herein mentioned and up to an including the present, Plaintiff has a

22 legally protected interest in his ability to control the dissemination of his personal and private

23 information, including the right to privacy in his home address.

     45.    At all times herein mentioned and up to an including the present, Plaintiff had a

25 reasonable expectation of privacy in his personal and private information including, but not

26 limited to, his home address.

     46.    During credit card transactions entered into at Defendant's stores on each and

28 every day during the two-year period preceding the filing of this class action complaint through

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29ᵗʰ Floor
San Diego, CA 92101

U1/16/2008  IU.21 FAX  6166650064          CAL_EXPRESS                    018/018

1    the present, Defendant invaded Plaintiff's and the Class members' constitutionally guaranteed

2    right to privacy by wrongfully requesting and recording their personal identification information,

3    and subsequently engaging in a "reverse search" to covertly determine Plaintiff's and Class

4    members' home addresses.

5        47.    The conduct of Defendant, in conducting these "reverse searches" to determine

6    Plaintiff's and the Class members' home addresses as described herein, constituted a serious

7    invasion of Plaintiff's right to privacy and an egregious breach of social norms.

8        48.    As a proximate result of Defendant's above acts, Plaintiff's and Class members'

9    addresses were viewed, printed, distributed, and used by Defendant for its own profit, in

10   violation of their constitutionally guaranteed right to privacy causing Plaintiff and the Class to be

11   generally damaged in an amount according to proof.

12       49.    The acts of Defendant, were willful, wanton, malicious and oppressive, and

13   justify an award of exemplary and punitive damages

14       50.    Unless and until enjoined, and restrained by order of this Court, Defendant's

15   wrongful conduct will continue to cause Plaintiff, members of the Class, and members of the

16   public great and irreparable injury in that the personal identification information maintained by

17   Defendant can be viewed, printed, distributed, and sold by Defendant. Plaintiff and members of

18   the Class have no adequate remedy at law for the injuries in that a judgment for the monetary

19   damages will not end the invasion of privacy for Plaintiff, the Class, and the public.

20       WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

21                          **PRAYER FOR RELIEF**

22   PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

23   As to the First Cause of Action

24       1.    That the Court award to Plaintiff and to each member of the Class the civil

25   penalty to which he or she is entitled under California Civil Code section 1747.08(e);

26   As to the Second Cause of Action

27       2.    That the Court preliminarily and permanently enjoin Defendant from utilizing an

28   "Information Capture Policy" whereby Defendant's cashiers both request and record personal

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

                              11
                     **CLASS ACTION COMPLAINT**

1  identification information and credit card numbers from customers using credit cards at the

2  point-of-sale in Defendant's retail establishments;

3       As to the Third Cause of Action

4       3.    That the Court preliminarily and permanently enjoin Defendant from utilizing an

5  "Information Capture Policy" whereby Defendant's cashiers both request and record personal

6  identification information and credit card numbers from customers using credit cards at the

7  point-of-sale in Defendant's retail establishments;

8       4.    For general damages according to proof;

9       5.    For special damages according to proof;

10       6.    For exemplary or punitive damages;

11       As to All Causes of Action

12       7.    That the Court certifies this action as a class action;

13       8.    For distribution of any moneys recovered on behalf of the Class of similarly

14  situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

15  from retaining the benefits of its wrongful conduct;

16       9.    For an award of attorneys' fees as authorized by statute including, but not limited

17  to, the provisions of California Code of Civil Procedure section 1021.5, and as authorized under

18  the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

19       10.    For costs of the suit;

20       11.    For prejudgment interest at the legal rate;

21       12.    And for such other relief as the Court may deem proper.

22  Dated: July 15, 2008

                        HARRISON PATTERSON & O'CONNOR LLP

23

24

25                By

              James R. Patterson

26                Attorneys for Plaintiff and the Class

27

28

CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

## CT CORPORATION
A Wolters Kluwer Company

**Service of Process Transmittal**
07/16/2008
CT Log Number 513643403



RECEIVED
JUL 17 2008
HARRY L. GOLDSMITH

**TO:**    HARRY L GOLDSMITH
AutoZone, Inc.
123 South Front St.
Memphis, TN 38103-3607

**RE:**    **Process Served in California**

**FOR:**    AUTOZONE, INC. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Matthew Watkins, on behalf of himself and all others similarly situated, Pltfs. vs. Autozone, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form, Cover Sheet |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 3720080008767ZCUBTCTL |
| **NATURE OF ACTION:** | Class Action - Unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby defendants cashiers both request and record credit card numbers and telephone numbers from customers using credit cards at the point of sale in defendant's retail establishments - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2008 at 11:23 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James R. Patterson<br>Harrison Patterson & O'Connor LLP<br>402 West Broadway<br>Suite 1906<br>San Diego, CA 92101<br>619-756-6990 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791106132850<br>Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

27

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE ROMEO, individually, and CLIFFORD KIDD, individually, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>THE HOME DEPOT U.S.A., INC., et al.,<br><br>                                    Defendants. | CASE NO. 06CV1505  IEG  (BLM)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO REMAND and (2) DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>(Doc. No. 8.) |

Presently before the Court is a motion to remand brought by Joe Romeo and Clifford Kidd ("plaintiffs"). (Doc. No. 8.) For the following reasons, the Court denies plaintiffs' motion to remand and denies plaintiffs' request for attorney's fees and costs.

**BACKGROUND**

**A.    Factual History**

On or about January 9, 2006 plaintiff Kidd entered a Home Depot store within San Diego County to return an item previously purchased with a credit card. (Compl. ¶ 19.) Plaintiff Kidd

- 1 -

1    presented a Home Depot employee with a receipt of his previous purchase. (Id. ¶ 21.) A Home Depot

2    employee printed out a credit card transaction form, which contained a preprinted space to fill in the

3    cardholder's telephone number. (Id. ¶ 22.) "Believing that he was required to do so in order to

4    complete the transaction, [plaintiff] . . . then wrote his telephone number on the credit card transaction

5    form in the space provided . . . signed the form and then handed it back" to the employee. (Id. ¶ 23.)

6    The employee entered the information into the cash register and finished the transaction. (Id. ¶ 24.)

7         The exact same facts took place with respect to plaintiff Romeo at another Home Depot store

8    in San Diego County, on or about May 23, 2006. (Id. ¶¶ 13-18.)

9    **B.    Procedural History**

10        On June 20, 2006, plaintiffs filed their complaint in San Diego Superior Court alleging, on

11   behalf of themselves and others similarly situated in California, a violation of the Song-Beverly Credit

12   Card Act. Cal. Civ. Code §§ 1747 et seq.[1] Plaintiffs seek statutory penalties; preliminary and

13   permanent injunctions prohibiting defendants from using a credit card form with a preprinted space

14   for the cardholder's telephone number, and ordering defendants to change their credit card forms;

15   attorneys' fees; costs of suit; and prejudgment interest. (Compl. at Prayer for Relief.)

16        On July 26, 2006, defendants removed the case to this Court. (Doc. No. 1.) On August 29,

17   2006, plaintiffs filed a motion to remand. (Doc. No. 8.) On September 11, 2006, defendants filed

18   their opposition. (Doc. No. 11.) On September 18, 2006 plaintiffs filed their reply. (Doc. No. 12.)

19   On September 21, 2006, this Court ordered defendants to submit supplemental briefing and evidence

20   on the issue of the amount in controversy in the litigation. (Doc. No. 13.) On September 28, 2006,

21   defendants filed their supplemental memorandum along with the declaration of Kim Sentovich. (Doc

22   Nos. 14-15.) The matter is now fully briefed, and the Court finds it appropriate for disposition without

23   oral argument pursuant to Civil Local Rule 7.1(d)(1).

24

25        [1] California Civil Code § 1747.08(a)(3) (Deering 2006) provides: "no . . . corporation that
     accepts credit cards for the transaction of business shall . . . :
26
     (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces
27   specifically designed for filling in any personal identification information of the cardholder."

28        The statutory definition of "personal identification information" includes the cardholder's
     telephone number. Id. § 1747.08(b).

# DISCUSSION

## A.   Legal Standard

An action is removable to federal court if it might have been brought there originally.  28 U.S.C. § 1441(a).  Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), district courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate and any one member of the plaintiff class is diverse from any defendant. 28 U.S.C. § 1332(d)(2). "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  However, the CAFA removal provision "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, at 43 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 41.  The district court should "interpret[] expansively" its power to aggregate individual class members' claims, and, where the court is in doubt whether the aggregated claims exceed $5 million, "the court should err in favor of exercising jurisdiction over the case." Id. at 42, as reprinted in 2005 U.S.C.C.A.N. at 40.

The district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy requirement is met. Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  When the complaint is not clear, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Establishing the amount in controversy requires more than a "mere averment" that the requisite amount is at stake. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  Rather, defendants are expected to put forth "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins. Co., 373 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). The Court may consider the defendant's notice of removal and further pleadings to determine whether the defendant has properly substantiated the amount in controversy. Cohn v. Petsmart Inc., 281 F.3d 837, 840 n.1. (9th Cir. 2002).

## B.   Analysis

A violator of California Civil Code § 1747.08 "shall be subject to a civil penalty not to exceed

- 3 -

06cv1505

30

1    two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each

2    subsequent violation[.]" § 1747.08(e).  The amount of statutory damages in controversy is "facially

3    apparent" from the complaint: plaintiffs seek the statutory maximum.  (Compl. ¶¶ 30, 38 (plaintiffs

4    and class members "are entitled to civil penalties in amounts of up to one thousand dollars ($1,000)

5    per violation")).

6         What is not "facially apparent" from the complaint–and, therefore, what defendants must prove

7    by a preponderance of the evidence–is the number of alleged violations during the year prior to the

8    filing of the complaint.[2]  To establish the number of alleged violations, defendants have included with

9    their supplemental brief the declaration of Kim Sentovich, a regional vice-president with Home Depot.

10   (See Sentovich Decla. in Opp. to Motion ¶ 1.)  Ms. Sentovich supervises operations of one third of

11   California's Home Depot retail stores, and is familiar with the operations of other Home Depot stores

12   not directly under her supervision.  (Id.)  Under penalty of perjury, Ms. Sentovich declares, "Home

13   Depot's California stores processes [sic] an average of 60,000 credit card refund transactions per

14   year."[3]  (Id. ¶ 3.)  If plaintiffs receive the statutory maximum for all of these transactions, the amount

15   in statutory damages in controversy would equal nearly $60 million.[4]  (Supp. Opp., at 2.)  Even

16   without considering the plaintiffs' other forms of requested relief (e.g., injunction, attorneys' fees),

17   defendants have proven plaintiffs' complaint satisfies CAFA's $5 million aggregate amount in

18

19

20

21

---

22   [2] Plaintiffs define the class as all persons within the year prior to the filing of the complaint
     who entered into credit card refund transactions in which defendants used a form with a preprinted
23   space for the cardholder's telephone number.  (Compl. ¶ 25.)  Plaintiffs also define a "subclass" of all
     class members who actually provided their telephone number on the credit card refund form.  (Id.)
24   However, based on the language of the statute, the subclass appears to be irrelevant because the
     statutory violation is the utilization of a form with a preprinted space for personal identification
25   information.  See Cal. Civ. Code § 1747.08(a)(3) (omitting any requirement that the recipient of the
     form actually provide the personal identification information).

26   [3] Ms. Sentovich bases her testimony on the multiplication of the number of Home Depot stores
     in California (approximately two hundred) times the number of credit card refund transactions that
27   each store processes annually (at least three hundred).

28   [4] The total amount of statutory damages is slightly less than $60 million because plaintiffs
     would receive only $250 for the first violation.

1  controversy.[5]

2      Plaintiffs cannot avoid satisfaction of the amount in controversy by alleging it would be "far
3  from reasonable to infer that a court or jury" would award the statutory maximum. (Reply, at 2-3.)
4  Where plaintiffs pray for statutory penalties "up to" the statutory maximum of $1,000 per violation,
5  this Court would remand for lack of subject matter jurisdiction only if it "'appear[ed] to a legal
6  certainty that the claim is really for less than the jurisdictional amount.'" Crum v. Circus Circus
7  Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (quoting Budget Rent-A-Car, Inc. v. Higashiguchi, 109
8  F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283,
9  289 (1938))). While plaintiffs may not eventually receive the statutory maximum for each violation,
10  plaintiffs have not established "to a legal certainty" that the aggregate amount in
11  controversy–including statutory damages, attorneys' fees, and value of the injunction–would fall
12  below $5 million.

13      2.    Attorney's Fees and Costs

14      Plaintiff requests attorney's fees and costs as provided for by law. See 28 U.S.C. § 1447 (c)
15  ("An order remanding the case may require payment of just costs and any actual expenses, including
16  attorney's fees, incurred as a result of the removal"). Having denied plaintiffs' motion to remand, the
17  Court obviously believes defendants had "an objectively reasonable basis" to remove this case. See
18  Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005); Patel v. Del Taco, Inc.,
19  446 F.3d 996, 999 (9th Cir. 2006) (denying attorney's fees when the removing party had an
20  "objectively reasonable basis").

21                      CONCLUSION

22      For the foregoing reasons, the Court **DENIES** plaintiffs' motion to remand and **DENIES**
23  plaintiffs' request for attorney's fees.

24      **IT IS SO ORDERED.**

25

26  DATED: October 30, 2006

       IRMA E. GONZALEZ, Chief Judge
27     United States District Court

28  _____
    [5] Because the Court bases its denial of plaintiffs' motion to remand on the Sentovich
    declaration, the Court denies plaintiffs' request for "immediate discovery" on defendants'
    representations in their Notice of Removal.

                      - 5 -

                                                06cv1505

                                          32



1  LATHAM & WATKINS LLP
     Belinda S Lee (Bar No. 199635)
2      Courtney E. Vaudreuil (Bar No. 223439)
   355 South Grand Avenue
3  Los Angeles, California 90071
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  Attorneys for Defendant
   AUTOZONE, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10

11 MATTHEW WATKINS, on behalf of himself        CASE NO. 37-2008-00087672-CU-BT-CTL
   and all others similarly situated,

12              Plaintiff,
   v.                                           NOTICE OF REMOVAL TO THE UNITED
13                                              STATES DISTRICT COURT
   AUTOZONE, INC.,
14
                Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND**

2   **HIS ATTORNEYS OF RECORD:**

3            **PLEASE TAKE NOTICE** that a Removal of the above-entitled action from the

4   Superior Court of the State of California for the County of San Diego to the United States

5   District Court for the Southern District of California was filed with the United States District

6   Court for the Southern District Court of California on August 15, 2008.

7            A copy of said Notice of Removal of Action under 28 U.S.C. § 1332(d)(2), 1453,

8   1441, and 1446, together with all papers filed therewith, is attached hereto as Exhibit 1 and is

9   incorporated fully herein by reference.

10

11   Dated: August 15, 2008                    Respectfully submitted,

12

13                                             LATHAM & WATKINS LLP
                                               Belinda S Lee
14                                             Courtney E. Vaudreuil

15

16                                             By _____

17                                             Courtney E. Vaudreuil
                                               Attorneys for Defendant
18                                             AutoZone, Inc.

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

    I am employed in the County of San Diego, State of California.  I am over the age of 18

3
years and not a party to this action.  My business address is Latham & Watkins LLP, 600 W.
Broadway, Suite 1800, San Diego, CA  90210.

4

    On August 15, 2008, I served the following document described as:

5
### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

6
by serving a true copy of the above-described document in the following manner:

7
### BY OVERNIGHT MAIL DELIVERY

8
    I am familiar with the office practice of Latham & Watkins LLP for collecting
and processing documents for overnight mail delivery by Express Mail or other express service
9
carrier.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel
responsible for depositing documents in a post office, mailbox, subpost office, substation, mail
10
chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or
other express service carrier; such documents are delivered for overnight mail delivery by
11
Express Mail or other express service carrier on that same day in the ordinary course of business,
with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham & Watkins
12
LLP' interoffice mail a sealed envelope or package containing the above-described document
and addressed as set forth below in accordance with the office practice of Latham & Watkins
13
LLP for collecting and processing documents for overnight mail delivery by Express Mail or
other express service carrier:

14

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>    gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA  92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>    ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

15
16
17
18
19
20
21
22
23

24

    I declare that I am employed in the office of a member of the Bar of, or permitted to
25
practice before, this Court at whose direction the service was made and declare under penalty of
perjury under the laws of the State of California that the foregoing is true and correct.

26

    Executed on August 15, 2008, at San Diego, California.

27

28
               Michelle Wright

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW

LA\1891128.1

1

## PROOF OF SERVICE

2

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

3

4

On August 15, 2008, I served the following document described as:

5

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

6

by serving a true copy of the above-described document in the following manner:

7

### BY OVERNIGHT MAIL DELIVERY

8

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

9

10

11

12

13

14

| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>        gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
|---|---|
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>        ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

15

16

17

18

19

20

21

22

23

24

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

26

Executed on August 15, 2008, at San Diego, California.

27

28

Michelle Wright

LATHAM•WATKINS LLP    LA\1891128.1
ATTORNEYS AT LAW

1   LATHAM & WATKINS LLP
     Belinda S Lee (Bar No. 199635)
2     belinda.lee@lw.com
     Courtney E. Vaudreuil (Bar No. 223439)
3     courtney.vaudreuil@lw.com
  355 South Grand Avenue
4   Los Angeles, California 90071
  Telephone: +1.213.485.1234
5   Facsimile: +1.213.891.8763

6   Attorneys for Defendant
  AUTOZONE, INC.

7

8            UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10

11   MATTHEW WATKINS, on behalf of himself | CASE NO.
  and all others similarly situated,

12          Plaintiff,
                      DECLARATION OF STACEY JENKINS IN
13   v.                      SUPPORT OF NOTICE OF REMOVAL OF
                            ACTION TO FEDERAL COURT
14   AUTOZONE, INC., a Nevada corporation,
  and DOES 1 through 50, inclusive       [Diversity Jurisdiction, 28 U.S.C. 1332(d)(2),
15          Defendants.      1453, 1441, 1446]

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF STACEY JENKINS

I, Stacey Jenkins, hereby declare and testify as follows:

1. I am executing this declaration on behalf of defendant AutoZone, Inc. I am employed as Manager of Treasury Operations. I am responsible for credit card and cash tenders. I am familiar with the credit card, debit card, and cash processes of AutoZone retail locations in California. I make this declaration of my personal and firsthand knowledge, information, and belief and if called upon could testify competently under oath hereto.

2. There are more than 441 AutoZone retail locations in California, all of which accept credit cards and debit cards as a method of payment.

3. One of the credit cards accepted at AutoZone retail locations in California is American Express. I obtained from American Express the approximate number of approved American Express credit card purchases at AutoZone retail locations in California during the year preceding the filing of the Complaint on July 15, 2008. The time frame for the data that American Express provided to me was from July 1, 2007, through July 1, 2008. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California from July 1, 2007, through July 1, 2008, is 352,396.

4. AutoZone retail locations in California accept several credit cards and debit cards other than American Express. The approximate number of approved American Express credit card purchases at AutoZone retail locations in California therefore comprises only a small portion of total credit card and debit card purchases processed at AutoZone retail locations in California from July 1, 2007, through July 1, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th of August 2008, in Memphis, Tennessee.

STACEY JENKINS

LATHAM&WATKINS™
ATTORNEYS AT LAW          LA\1891499.1                    2

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

### DECLARATION OF STACEY JENKINS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for.  I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

_____
Michelle Wright

LATHAM•WATKINS LLP  LA\1891128.1
ATTORNEYS AT LAW

39

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 90210.

On August 15, 2008, I served the following document described as:

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>      gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>      ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 15, 2008, at San Diego, California.

_____
Michelle Wright

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 92101.

On **August 15, 2008**, I served the following document described as:

### CERTIFICATE OF SERVICE ON ADVERSE PARTIES OF NOTICE OF REMOVAL OF CIVIL ACTION AND RELATED PLEADINGS

by serving a true copy of the above-described document in the following manner:

### BY OVERNIGHT MAIL DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained for receipt of overnight mail by Express Mail or other express service carrier; such documents are delivered for overnight mail delivery by Express Mail or other express service carrier on that same day in the ordinary course of business, with delivery fees thereon fully prepaid and/or provided for. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for overnight mail delivery by Express Mail or other express service carrier:

### SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 15, 2008**, at San Diego, California.

_____
Michelle Wright

1

## SERVICE LIST

| | |
|---|---|
| James M. Lindsay, Esq.<br>Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Lindsay & Stonebarger<br>620 Coolidge Drive, Suite 225<br>Folsom, CA 95630<br>Telephone: (916) 294-0002<br>Facsimile: (916) 294-0012<br>email: jlindsay@lindstonelaw.com<br>          gstonebarger@lindstonelaw.com | **Attorneys for Plaintiff Matthew Watkins** |
| James R. Patterson, Esq.<br>Cary A. Kinkead, Esq.<br>HARRISON, PATTERSON & O'CONNOR LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA  92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>email: jpatterson@hpolaw.com<br>          ckinkead@hpolaw.com | **Attorneys for Plaintiff Matthew Watkins** |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO          LA\1891212.1

CERTIFICATE OF SERVICE ON ADVERSE
PARTIES OF NOTICE OF REMOVAL OF CATION
AND RELATED PLEADINGS