UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WATKINS, on behalf of himself an all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>AUTOZONE PARTS, INC., a Nevada corporation; AUTOZONE STORES, INC., a Nevada corporation; AUTOZONE WEST, INC., a Delaware corporation; and DOES 4 through 50, inclusive,<br><br>　　　　　　　Defendant. | **CASE NO. 08-CV-01509-H (AJB)**<br><br>**ORDER GRANTING MOTION TO DISMISS AS TO DEFENDANT AUTOZONE STORES, INC. & DENYING MOTION TO DISMISS AS TO DEFENDANTS AUTOZONE PARTS, INC. & AUTOZONE WEST, INC.** |

Plaintiff Matthew Watkins filed this class action on behalf of himself and the Class on July 15, 2008, in the Superior Court of California for the County of San Diego. Defendant Autozone, Inc. removed the action to this Court on August 15, 2008, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (Doc. No. 1.) On October 9, 2008, Plaintiff filed a first amended complaint ("FAC") against Defendants Autozone Parts, Inc., Autozone Stores, Inc., and Autozone West, Inc (collectively "Defendants"). (Doc. No. 9.) On October 10, 2008, the Court granted Defendant Autozone, Inc.'s motion to dismiss for lack of personal jurisdiction. (Doc. No. 10.) Defendants filed a motion to dismiss the FAC on October 23, 2008, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)

1 and for lack of personal jurisdiction over Defendant Autozone Stores, Inc. under Federal Rule
2 of Civil Procedure 12(b)(2). (Doc. Nos. 12–14.) Defendants also filed a request for judicial
3 notice, asking the Court to take judicial notice of the complaint filed in <u>Korn v. Polo Ralph
4 Lauren Corp.</u>, Case No. FC8030461, on November 2, 2007, in the Superior Court of California
5 of and for the County of Solano. (Doc. No. 15.) Plaintiff filed a response in opposition on
6 November 17, 2008. (Doc. No. 17.) On November 24, 2008, Defendants filed their reply.
7 (Doc. No. 18.) On November 26, 2008, the Court submitted the motion on the papers pursuant
8 to Local Rule 7.1(d)(1).

## **Background**

10 Plaintiff brought this action alleging that Defendants violated California laws by
11 requesting personal information from customers purchasing items with a credit card at
12 Autozone retail locations in California. Specifically, Plaintiff alleges Defendants violated (1)
13 California Civil Code section 1747.08 (Song-Beverly Credit Card Act of 1971); and (2) the
14 California Constitution's privacy provision. According to Plaintiff, Defendants requested and
15 recorded customers' telephone numbers as part of processing credit card transactions and used
16 this information to acquire additional personal information in violation of these laws. (FAC
17 ¶ 3.) Plaintiff alleges that Defendants Autozone Parts, Inc. and Autozone Stores, Inc. are
18 Nevada corporations with their principal places of business in California and that Defendant
19 Autozone West, Inc. is a Delaware corporation with its principal place of business in
20 California. (<u>Id.</u> ¶ 9.) Plaintiff alleges that Defendants operate retail stores under the name
21 Autozone throughout California, including in San Diego County. (<u>Id.</u> ¶ 9.)

22 Defendants brought this motion to dismiss on the basis of failure to state a claim and
23 lack of personal jurisdiction over Defendant Autozone Stores. Defendants assert that Plaintiff
24 has failed to plead facts sufficient to state a cause of action upon which relief may be granted,
25 arguing that Plaintiff's FAC relies on conclusory allegations that do not allow Defendants to
26 meaningfully respond to the FAC. (Doc. No. 13 at p.1.) As to Defendant Autozone Stores,
27 Defendants contend that personal jurisdiction is lacking because Autozone Stores is a Nevada
28 corporation with its principal place of business in Tennessee and does not own or operate any

1  retail location in California.  (Id. at p.9; Doc. No. 14, Hutchinson Decl. ¶¶ 2–3.)  Defendants
2  argue that there is no basis for finding general or specific personal jurisdiction over Autozone
3  Stores, Inc. (Doc. No. 13 at pp.9–11.)   Plaintiff in his response in opposition has not argued
4  that personal jurisdiction is proper over Defendant Autozone Stores. (Doc. No. 17 at pp.9–10.)

## Discussion

### A.  Lack of Personal Jurisdiction over Defendant Autozone Stores, Inc.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction.  The plaintiff then bears the burden of proving such jurisdiction. Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir. 1986). When the district court rules on the motion based on affidavits and discovery materials without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.  See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002). "In determining whether [Plaintiff] [has] met this prima facie burden, uncontroverted allegations in [his] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [his] favor....'" Id. (quoting Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)).  "Additionally, any evidentiary materials submitted on the motion 'are construed in the light most favorable to the plaintiff and all doubts are resolved in [his] favor.'" Id. (quoting Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir.1990) (citation and internal quotation marks omitted)).

"In the absence of a federal rule or statute establishing a federal basis for the assertion of personal jurisdiction, the personal jurisdiction of the district courts is determined in diversity cases by reference to the law of the state in which the federal court sits." Kendall v. Overseas Dev. Corp., 700 F.2d 536, 538 (9th Cir. 1983) (citations omitted); see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citing FED. R. CIV. P. 4(k)(1)(a)). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger, 374 F.3d at 800–01; see CAL. CIV. PROC. CODE § 410.10.  "For a court to

exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).

There are two types of personal jurisdiction: general and specific. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). General personal jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801. In order for general jurisdiction to exist over a nonresident defendant such as Autozone Stores, Inc., "the defendant must engage in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." Id. (citations omitted).

Defendants argue that Plaintiff cannot establish general jurisdiction over Autozone Stores, Inc. (Doc. No. 13 at pp.9–11.) According to Defendants, Autozone Stores, Inc. is not incorporated or headquartered in California. (Id.; Hutchinson Decl. ¶ 2.) Defendants assert that Autozone Stores, Inc. neither operates nor owns retail stores in California. (Doc. No. 13 at p.9; Hutchinson Decl. ¶ 3.) On this basis, Defendants argue Autozone Stores, Inc. lacks the type of continuous and systematic contacts with California to establish a sufficient presence in California to warrant the exercise of general personal jurisdiction. The Court agrees.

Plaintiff failed to submit any affidavit or argument contradicting Defendants' declaration that Autozone Stores, Inc. does not do any business in California, is incorporated in Nevada, and has its principal place of business in Tennessee. (See Doc. No. 17.) Plaintiff even states that he "is not necessarily against dismissing Autozone Stores, Inc. from this case." (Id. at p.9.) Plaintiff contends that Autozone Stores, Inc. was registered to do business in California through the California Secretary of State at the time of filing of the FAC, but does not put forward case law or argument that this fact supports a finding of personal jurisdiction. (Id. at p.10; Stoneberger Decl. ¶ 5.) Because Defendants controverted Plaintiff's allegations in his complaint concerning Autozone Stores, Inc.'s operation of retail locations in California

and Autozone Stores, Inc.'s corporate headquarter location, the Court need not take Plaintiff's allegations as true. Ochoa, 287 F.3d at 1187. Plaintiff has failed to meet its burden and has not established general personal jurisdiction over Defendant Autozone Stores, Inc.

In the absence of general personal jurisdiction, a forum may only exercise specific personal jurisdiction over a defendant. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006). Specific jurisdiction over a nonresident corporation is appropriate where the defendant directed activities at the forum and the litigation results from injuries arising out of or related to those activities. See, e.g., Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). A forum may exercise specific jurisdiction over a defendant when a three-factor test is met:

> (1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

Ochoa, 287 F.3d at 1188–89. Under this three-prong test, the plaintiff bears the burden of satisfying the first two prongs. Schwarzenegger, 374 F.3d at 802. If the plaintiff meets this burden, the defendant then has the burden to present a compelling case why the exercise of jurisdiction would be unreasonable. Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)). For the reasons discussed below, the Court holds Plaintiff has failed to satisfy his burden.

Plaintiff alleges in his complaint that Autozone Stores, Inc. operates retail stores and is headquartered in California. According to Plaintiff, Autozone Stores, Inc.'s retail locations in California request telephone numbers from customers as part of processing credit card transactions in violation of several state laws. Taken as true, these allegations would certainly meet Plaintiff's burden under the three prong test for specific jurisdiction. However, Defendants assert that Plaintiff is mistaken, and Autozone Stores, Inc. is headquartered in

Tennessee.  (Doc. No. 13 at p.9; Hutchinson Decl. ¶ 2.)  Moreover, Defendants state that Autozone Stores, Inc. does not own or operate any retail locations in California.  (Id. ¶ 3.)  Defendants assert that Autozone Stores, Inc. does not conduct any other business in California.  (Doc. No. 13 at p.10.)  Plaintiff has failed to offer affidavits or arguments contradicting Defendants' averments, apart from its assertion that Autozone Stores, Inc. is registered to do business in California.

The Court concludes that Plaintiff has failed to meet his burden under the first and second prongs of the test for specific jurisdiction.  Defendants' assertion that it conducts no business within California is unopposed by Plaintiff.  As discussed above in relation to general jurisdiction, Plaintiff has failed to assert and offer support for the Court's exercise of personal jurisdiction over Autozone Stores, Inc. based on its own or the other Defendants' contacts with the forum state. Thus, Plaintiff has not shown that Autozone Stores, Inc. purposefully availed itself of the benefits and protections of California's laws, the first prong of the test.  Plaintiff also fails to oppose Autozone Stores, Inc.'s assertion that it does not own or operate any retail location within California.  Because Plaintiff's claims are based on the collection of personal information at California retail locations, Plaintiff fails to establish that his claims arose out of or are related to Autozone Stores, Inc.'s  activities within the forum state, the second prong of the test.  Therefore, Plaintiff has not established specific jurisdiction over Autozone Stores, Inc.  Accordingly, the Court grants without prejudice Defendants' motion to dismiss Defendant Autozone Stores, Inc. based on lack of personal jurisdiction.

**B.  Failure to State a Claim**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir.1996); <u>see also</u> <u>Twombly</u>, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n .19 (9th Cir.1990). The court may, however, consider facts that are subject to judicial notice under Federal Rule of Evidence 201. A district court may take judicial notice of matters of public record, but cannot use this rule to take judicial notice of a fact that is subject to "reasonable dispute" simply because it is contained within a pleading that has been filed as a public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir.2001); <u>see also</u>, <u>Disabled Righs Actions Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking judicial notice of licensing agreements as documents of the University System, a state entity); <u>Kottle v. N.W. Kidney Ctrs.</u>, 146 F.3d 1056, 1064 n.7 (9th Cir. 1998) (holding state health department records were properly judicially noticed); <u>Mack v. S. Bay Beer Distribs., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986) (holding a court may take judicial notice of records and reports of administrative bodies) overruled on other grounds by <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991); <u>Biagro W. Sales Inc. v. Helna Chemical Co.</u>, 160 F.Supp.2d 1136, 1140–41 (E.D.Cal.2001) (matters of public record include "pleadings, orders and other papers filed with the court"). Accordingly, the Court grants

1  Defendants' request for the Court to take judicial notice of the complaint filed by Plaintiff's
2  counsel in the matter of Korn v. Polo Ralph Lauren Corp., Case No. FC8030461, on
3  November 2, 2007, in the Superior Court of California of and for the County of Solano. (Doc.
4  No. 15, Ex. A.) The Court takes judicial notice of the document because it is a matter capable
5  of accurate and ready determination, but does not take notice of the truth of the matters
6  asserted in the complaint.

**1. California Civil Code section 1747.08 (Song-Beverly Credit Card Act of 1971)**

Plaintiff's first cause of action is for a violation of the Song-Beverly Credit Card Act ("Act"). (FAC ¶¶29–34.) Under the Act a corporation accepting credit cards for the transaction of business may not:

> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Cal. Civ. Code §1747.08(a)(2). Personal identification information is defined under the Act as "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." Id. §1747.08(b).

Plaintiff alleges in the FAC that he went to Defendants' San Diego retail store within the last 12 months, selected products he intended to purchase, and presented a credit card to the cashier to purchase the product. (FAC ¶¶13–15.) Plaintiff alleges that when he used a credit card to make the purchase, the cashier, as part of Defendants' "Information Capture Policy," requested Plaintiff's telephone number without telling him of the consequences if he did not provide his telephone number. (Id. ¶16.) Plaintiff alleges that he told Defendants' employee his telephone number, believing that he was required to in order to complete the transaction. (Id. ¶16.) According to the FAC, Defendants' employee typed and recorded Plaintiff's telephone number into the cash register and then swiped Plaintiff's credit card into

1 the register, causing both his telephone number and credit card number to be recorded in the
2 same database. (Id. ¶¶17–19.) Plaintiff alleges he then signed the printed out transaction form
3 and left the store with his purchased items. (Id. ¶¶20–21.) Plaintiff further alleges that
4 Defendants utilize and continue to utilize an "Information Capture Policy" during credit card
5 transactions entered into at their stores on each day during the one year period preceding the
6 filing of this case. (Id. ¶32.)

7 Defendants contend that Plaintiff's FAC fails to state facts sufficient to support a claim
8 of a violation of the Act. (Doc. No. 13 at pp.2–5.) Defendants challenge Plaintiff's FAC as
9 conclusory. (Id. at p.3.) In support of this argument, Defendants point to the fact that Plaintiff
10 has not alleged a date, item purchased, or location where the violation occurred. (Id. at p.3.)
11 They contend that the lack of these facts fail to give them sufficient notice of the claim. (Id.
12 at p.3.) Defendants also construe Plaintiff's allegation concerning Defendants' "Information
13 Capture Policy" as legally conclusory and lacking in factual support. (Id. at p.5.)
14 Additionally, Defendants assert that Plaintiff's FAC fails to state a claim for a violation of the
15 Act because the FAC's allegations are generic and similar to another case. (Id. at pp.3–5.)

16 Plaintiff has plead facts sufficient to support a claim for a violation of the Act. Plaintiff
17 alleges that Defendants, as part of their "Information Capture Policy," requested Plaintiff's
18 telephone number without telling him what would happen if he did not provide it, and recorded
19 his telephone number in the cash register along with his swiped credit card. Defendants are
20 sufficiently on notice of what Plaintiff's claim is and the ground upon which it rests.
21 Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's first cause of action
22 for failure to state a claim.

23 **2. California Constitutional Right to Privacy**

24 Plaintiff's second cause of action is for an invasion of the California Constitutional right
25 to privacy. (FAC ¶¶35–45.) To claim a violation of informational privacy, a plaintiff must
26 show (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the
27 circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy.
28 Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1, 34–37 (1994). Whether a claim asserts

a legally protected privacy interest is a question of law; whether a reasonable expectation of privacy in the circumstances exists and whether a serious invasion occurred are mixed questions of law and fact. Id. at 40; see also Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal.4th 360, 370 (2007). One class of legally protected privacy interests are "interests in precluding the dissemination or misuse of sensitive and confidential information." Hill, 7 Cal. 4th at 35. "The California constitutional right of privacy 'prevents government and business interests from (1) collecting and stockpiling unnecessary information about us and from (2) misusing information gathered for one purpose in order to serve other purposes or to embarrass us.'" Id. at 36 (citation omitted).

In the FAC, Plaintiff alleges that he has a legally protected interest in his ability to control the dissemination of his personal and private information, including the right to privacy in his home address. (FAC ¶37.) Plaintiff asserts that at all times he had a reasonable expectation of privacy in his personal and private information, including his home address. (Id. ¶38.) According to Plaintiff, Defendants invaded Plaintiff's constitutionally guaranteed right to privacy "by wrongfully requesting and recording their personal identification information, and subsequently engaging in a 'reverse' search to covertly determine Plaintiff's home address" by utilizing computer software and date mining databases. (FAC ¶¶39–40.) Plaintiff alleges that as a result of Defendants' actions, Plaintiff's address was viewed, printed, distributed, and used by Defendants for their own profit. (Id. ¶43.) Plaintiff alleges these actions by Defendants constitute a serious invasion of his privacy. (Id. ¶44.)

Defendant attacks this cause of action by arguing that Plaintiff's allegations are merely conclusory allegations and unsupported by any factual allegations. (Doc. No. 13 at p.6.) Defendants contend that Plaintiff's allegation of an "Information Capture Policy" is an unsupported legal conclusion, and as such, Plaintiff's constitutional claim must fail because it is predicated on this initial legal conclusion. (Id.) Defendants contend that Plaintiff's failure to plead who viewed the addresses, who printed them, to whom they were distributed, or how they were used also makes the FAC insufficient. (Id.) Defendants argue that even if Plaintiff's allegations regarding the use of his address is true, this conduct does not rise to a violation of

the California Constitution because it is not a serious invasion. (Id.)

Plaintiff has stated a cause of action for invasion of privacy. Plaintiff adequately alleges a legally protected privacy interest in his home address. See Puerto v. Superior Court, 158 Cal.App.4th 1242, 1252 (2008); Planned Parenthood Golden Gate v. Superior Court, 83 Cal.App.4th 347, 359 (2000). Plaintiff's FAC adequately alleges enough to satisfy the pleading requirements of a reasonable expectation of privacy in the circumstances, as he alleges Defendants obtained and subsequently used his home address information from using his telephone number and credit card information after Plaintiff purchased a product at one of Defendants' stores. Plaintiff also sufficiently alleges that the invasion into his privacy was serious, as he alleges that Defendants use Plaintiff's private information for profit without his consent and without informing him of the use of his private information. The purpose of the statutory provision prohibiting the requesting of personal information with credit card transactions speaks to the potential seriousness of invasions that may occur. As the California Court of Appeal has explained:

> In essence, the original enactment (Stats.1990, ch. 999, § 1 [A.B. No. 2920] ) was a response to two principal privacy concerns. "[F]irst, that with increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it; and second, that acts of harassment and violence were being committed by store clerks who obtained customers' phone numbers and addresses."

Florez v. Linens 'N Things, Inc., 108 Cal.App.4th 447, 452 (2003). Because the seriousness of the invasion of the privacy interest is a mixed question of law and fact, Plaintiff has met the pleading requirements by alleging Defendants' widely used his private information for profit, one of the privacy concerns that prompted the passage of section 1747.08. See Hill, 7 Cal.4th at 40 ("If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law."). Therefore, the Court denies Defendants' motion to dismiss Plaintiff's second cause of action.

**Conclusion**

Based on the reasons set forth above, the Court GRANTS Defendant Autozone Stores, Inc.'s motion to dismiss without prejudice for lack of personal jurisdiction and DENIES Defendants' motion to dismiss the FAC for failure to state a claim.

IT IS SO ORDERED.

DATED: December 5, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.