**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MATTHEW WATKINS, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

AUTOZONE PARTS, INC.; AUTOZONE WEST, INC., a Delaware corporation; and DOES 4 through 50, inclusive,

Defendants.

**CASE NO. 08-CV-1509-H (AJB)**

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION**

On July 31, 2009, Defendants AutoZone Parts, Inc. and AutoZone West, Inc. (collectively, "AutoZone" or "Defendants") filed a motion for summary judgment on Plaintiff Matthew Watkins's first cause of action for a violation of the Song-Beverly Credit Card Act. (Doc. Nos. 37-41, 43.) Plaintiff filed a response in opposition on September 14, 2009. (Doc. No. 49.) Defendants filed a reply on September 21, 2009. (Doc. No. 50.) The Court held a hearing on the matter on September 28, 2009. Jennifer Anne Carmassi and Monica Klosterman appeared on behalf of Defendants, and James R. Patterson appeared on behalf of Plaintiff.

For the reasons set forth below, the Court grants Defendants' motion for summary judgment on Plaintiff's first cause of action.

**Background**

Plaintiff brought this class action alleging that Defendants violated California laws by requesting personal information, including telephone numbers, from customers purchasing items with a credit card at AutoZone retail locations in California. Specifically, Plaintiff alleges Defendants violated (1) California Civil Code section 1747.08 (Song-Beverly Credit Card Act of 1971); and (2) the California Constitution's privacy provision. According to Plaintiff, Defendants requested and recorded customers' telephone numbers as part of processing credit card transactions and used this information to acquire additional personal information in violation of these laws. (FAC ¶ 3.) Defendants now move for summary judgment on Plaintiff's first cause of action for a violation of the Song-Beverly Credit Card Act (the "Act").

On May 12, 2008, Plaintiff purchased a brake pad set and brake lubricant with his Mastercard from an AutoZone store located at 1950 Cable Street in San Diego. (Pl.'s Opp'n to Def's Stmt. of Uncontroverted Material Facts ISO Mot. for Summ. J. ("Pl.'s Facts") ¶ 5.) Only certain products AutoZone sells are eligible to be registered for a warranty. (Id. ¶ 35.) These products are vehicle specific and most that are eligible are located behind a parts lookup counter in an area of the store that customers cannot access. (Id. ¶¶ 36-37.) In order to obtain these products for purchase, customers need the assistance of an AutoZone employee at the parts lookup counter. (Id. ¶ 37.) The brake pad set Plaintiff purchased was located behind the counter, so an AutoZone employee selected the brake pad set and retrieved it for Plaintiff. (Id. ¶ 6.) Plaintiff testified that after he brought all his products to the register, he gave an employee his card, the employee ran it and asked for Plaintiff's phone number, Plaintiff gave his phone number, Plaintiff got his receipt and left the store. (Doc. No. 43, Carmassi Decl. Ex. 8, Watkin's Depo. 65:24-66:7.)

AutoZone's records show that the brake pad set Plaintiff purchased was registered for a warranty on May 12, 2008. (Pl.'s Facts ¶ 7; Doc. No. 40, Sikandar Decl. ¶ 5, Exs. 1, 4.) Information relating to the warranty is printed directly on the customer's receipt for the product covered by the warranty. (Pl.'s Facts ¶ 52.) Plaintiff lost his receipt, but AutoZone maintained

a duplicate copy of the receipt containing information relating to the warranty for the brake pad set. (Pl.'s Facts ¶¶ 8-9.) The duplicate copy of Plaintiff's receipt contains the products Plaintiff purchased, the purchase price of the products, the last four digits of Plaintiff's MasterCard number, Plaintiff's name, address, and phone number, warranty information for the brake pads, and "1989 Jeep Cherokee 4WD." (Id. ¶¶ 10-12, 15; Doc. No. 40, Sikandar Decl., Ex. 1.)

AutoZone's warranty registration service permits its customers to have eligible products registered for warranties regardless of what method of payment the customer uses to purchase products and the process for registering a warranty does not depend upon the customer paying for the warrantied item with his or her credit card. (Pl.'s Facts ¶ 41.) AutoZone's warranty database does not contain any information regarding the method of payment the customer used to purchase the covered product, including but not limited to customers' credit card numbers and credit card expiration dates. (Id. ¶ 45.) AutoZone requests customers to provide personal identification information to connect the identity of the customer who registers for a warranty to the product covered by the warranty, and to identify potential fraud. (Id. ¶ 49.) AutoZone does not honor warranties without warranty documentation unless the customer is able to provide the information, such as a telephone number or address, that he or she gave at the time of warranty registration. (Id. ¶ 54.)

The parties do not dispute that AutoZone asks customers to provide certain information for purposes of retail credit card transactions in limited situations, including requesting the customer's billing zip code for manually keyed credit card transactions, requesting a form of positive identification when the customer's name and signature on the credit card transaction form do not match the name and signature on the credit card, and requesting a positive form of identification when the credit card is not signed in order to verify whether the name on the form of identification matches the name on the credit card. (Id. ¶¶ 23-26.)

///

///

///

## Discussion

**I. Summary Judgment - Legal Standard**

Federal Rule of Civil Procedure 56 governs summary judgment. Section (b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). A motion for summary judgment should not be granted unless the pleadings, affidavits and evidence on file present "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The parties also request the Court to take judicial notice of various documents. (Doc. Nos. 41 & 49.) The Court grants the parties' requests to the extent the offered documents are properly subject to judicial notice.

**California Civil Code section 1747.08 (Song-Beverly Credit Card Act of 1971)**

Plaintiff's first cause of action is for a violation of the Song-Beverly Credit Card Act ("Act"). (FAC ¶¶ 29–34.) Under the Act a corporation accepting credit cards for the transaction of business may not:

> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Cal. Civ. Code §1747.08(a)(2). Personal identification information is defined under the Act as "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." Id.

§1747.08(b). "[T]he retailer's request for personal identification information must be viewed from the customer's standpoint. In other words, the retailer's unannounced subjective intent is irrelevant. What does matter is whether a consumer would perceive the store's 'request' for information as a 'condition' of the use of a credit card." Florez v. Linens 'N Things, 108 Cal. App.4th 477, 451 (2003).

While §1747.08 in general prohibits corporations from requesting or requiring the credit cardholder to provide personal information, §1747.08 has several exceptions to this general rule. Section 1747.08(c)(4) provides that subdivision (a) does not apply, "[i]f personal identification information is required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders."

In addition to subdivision (c)(4), § 1747.08(d) provides that:

> This section does not prohibit any person, firm, partnership, association, or corporation from requiring the cardholder, as a condition to accepting the credit card as payment in full or in part for goods or services, to provide reasonable forms of positive identification, which may include a driver's license or a California state identification card, or where one of these is not available, another form of photo identification, provided that none of the information contained thereon is written or recorded on the credit card transaction form or otherwise. If the cardholder pays for the transaction with a credit card number and does not make the credit card available upon request to verify the number, the cardholder's driver's license number or identification card number may be recorded on the credit card transaction form or otherwise.

Cal. Civ. Code §1747.08(d).

Defendants argue they are entitled to summary judgment because a warranty registration is not covered by §1747.08(a) because it is not a purchase transaction and even if it is, registering a product for a warranty is an exempt special purpose under subdivision (c)(4).

The Court agrees that AutoZone's request for Plaintiff's telephone number was in order to register the brake pads for a warranty and was not requested in connection with Plaintiff's use of a credit card to complete a purchase. See Absher v. AutoZone, Inc., 164 Cal. App.4th 332, 343, 345-46 (2008) (holding that subdivision (a)(2) applies only to purchase transactions). The undisputed facts show that AutoZone requests personal identification information from customers registering a product for a warranty without regard to the method of payment the customer used to purchase the product. (Pl.'s Facts ¶ 41.) Like in Absher, the request for information in connection with the warranty registration process is not done for marketing purposes, but to provide a service to customers if they lose their warranty information and to prevent fraud in the return of products covered by a warranty. See Absher, 164 Cal. App.4th at 346 (noting that allowing merchants to request personal identification information in connection with returns "allows merchants reasonable means to safeguard against potential abuses in connection with the return of merchandise").

The Court further agrees that even if the request for Plaintiff's telephone number was in connection with a credit card purchase, registering the brake pads for the warranty is a special purpose under subdivision (c)(4). Subdivision (c)(4) provides that the general prohibition on merchants in requesting personal identification information does not apply when that information is "required for a special purpose incidental but related to the individual credit card transaction." Cal. Civ. Code §1747.08(c)(4). Special purposes under this provision include, but are not limited to, "information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." The registration of a product warranty is incidental in this case to the purchase of a covered product, and therefore related to credit card transactions when the customer purchases the warrantied product with a credit card. Obtaining the personal identification information from a customer is necessary in order to connect the identity of the customer who registers for a warranty to the product covered by the warranty, and to identify potential fraud. (Pl.'s Facts ¶ 49.) The parties do not dispute that AutoZone does not honor warranties without warranty documentation unless the customer is able to provide the information, such as a telephone number or address, that he or she gave at

the time of warranty registration. (Id. ¶ 54.) Accordingly, even if warranty registrations done near in time to purchase transactions fall within the purview of subdivision (a)(2), AutoZone's request for personal information in connection with the special purpose of a warranty registration exempts AutoZone from liability for any such requests. Whether or not Plaintiff voluntarily supplied his telephone number is irrelevant, as the warranty registration is a special purpose and not subject to subdivision (a)'s prohibition.

Furthermore, the evidence before the Court shows that AutoZone only requests personal identification information for purposes of a credit card transaction in two circumstances. AutoZone requests the customer's billing zip code for manually keyed credit card transactions and requests a form of positive identification when the customer's name and signature on the credit card transaction form do not match the name and signature on the credit card or when the credit card is not signed. (Id. ¶¶ 23-26.) AutoZone's policy of requesting personal identification information in these limited circumstances is expressly permitted under §1747.08(d) and California case law. A zip code is not personal identification information within the meaning of the statute and the request for such cannot subject a merchant to liability under § 1747.08. Party City Corp. v. Superior Court, 169 Cal. App.4th 497, 518 (2008) ("A five-digit zip code is not, as a matter of law, that kind of personalized or individual identification information within the statutory terms."). Subdivision (d) allows merchants to require the cardholder "to provide reasonable forms of positive identification . . . provided that none of the information contained thereon is written or recorded on the credit card transaction form or otherwise." Cal. Civ. Code §1747.08(d).

Plaintiff has failed to submit sufficient evidence to show that AutoZone requires or requests personal identification information from credit card users in connection with their use of a credit card in any other circumstance or that AutoZone records the personal identification information provided. Plaintiff has failed to put forth sufficient evidence establishing that AutoZone requested or required him to give his telephone number in conjunction with his use of his MasterCard for payment rather than in connection with the available product warranty registration, which is an essential element of his claim. AutoZone has submitted the

declaration of Azeem Skikandar, the Director of Operations Process Improvements at AutoZone Parts, Inc., AutoZone's Cash Register Policies and Procedures manual, and the warranty records for Plaintiff in the AutoZone warranty database, indicating that Plaintiff's telephone number was requested in connection with the warranty on the brake pads and not requested because Plaintiff used his MasterCard. (Doc. No. 40, Sikandar Decl. ¶¶ 6-10, 20, Exs. 1-4.) Plaintiff has failed to sufficiently counter this evidence concerning the warranty. There is no genuine issue of material fact, and the Defendant is entitled to summary judgment on the first cause of action.

**Conclusion**

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's first cause of action for a violation of the Song-Beverly Credit Card Act.

**IT IS SO ORDERED.**

DATED: September 29, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT